**Marquis Aurbach Coffing**
Chad F. Clement, Esq.
CA SBN 271161
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
cclement@maclaw.com
*Attorney for Movant Interior Electric Incorporated Nevada*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| INTERIOR ELECTRIC INCORPORATED NEVADA, a Nevada corporation,<br><br>Movant,<br><br>vs.<br><br>MELINDA BEVERLY; and SCHIFF & SHELTON, ATTORNEYS AT LAW,<br><br>Respondents. | Case No.:<br><br>**MOVANT INTERIOR ELECTRIC INCORPORATED NEVADA'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENAS *DUCES TECUM* AND FOR ATTORNEY FEES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Related to Action Pending in the U.S. District Court for the District of Nevada, *Interior Electric Incorporated Nevada v. T.W.C. Construction, Inc. et al.*, Case No. 2:18-cv-01118-JAD-VCF<br><br>**Hearing Date:**<br>**Hearing Time:**<br>**Location:** |

Movant, Interior Electric Incorporated Nevada ("Movant"), by and through its attorneys of record, will and hereby moves this Court for an order compelling production of documents from third parties Melinda Beverly ("Ms. Beverly") and Schiff & Shelton, Attorneys at Law ("S & S," and with Ms. Beverly, the "Subpoenaed Parties"), pursuant to subpoenas *duces tecum* properly served under Federal Rule of Civil Procedure ("FRCP") 45 on January 23, 2020 (the "Subpoenas"), and for attorney fees in having to bring this Motion, pursuant to FRCP 45(g) and Local Civil Rules ("LR") 37-4 and 83-7(b). *See* Declaration of Chad F. Clement, Esq. in Support of Movant's Motion to Compel ("Clement Decl."), at ¶¶

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

5–7, attached hereto as Exhibit 1, along with Exhibit 1-1 and Exhibit 1-2 (Subpoenas), and Exhibit 1-3 thereto (Affidavits of Service).

Pursuant to LR 37-1, counsel for Movant, Collin M. Jayne, Esq. ("Mr. Jayne"), emailed Ralph Shelton, Esq. ("Mr. Shelton") on June 8, 2020, in order to confirm representation of Ms. Beverly by the latter, and on June 11, 2020, Mr. Shelton instructed Mr. Jayne to call him. *See* Declaration of Collin M. Jayne, Esq. in Support of Movant's Motion to Compel ("Jayne Decl."), ¶¶ 5–6, attached hereto as Exhibit 2. Despite following Mr. Shelton's instruction, Mr. Jayne was unable to reach Mr. Shelton, so the former emailed the latter to coordinate a telephone call the following week. *See id.* at ¶¶ 7–8.

After following up via email on June 15, counsel scheduled a meet and confer on June 18, 2020, in which undersigned counsel and Mr. Jayne for Movant, and Mr. Shelton on behalf of the Subpoenaed Parties, participated in a telephonic meet and confer, at which time Mr. Shelton acknowledged that Ms. Beverly failed to produce everything responsive in her possession, admitted to possessing responsive documents himself, and committed to working with Ms. Beverly to produce the remaining documents in the weeks to follow. *See* Ex. 1 (Clement Decl.), at ¶¶ 10–11; Ex. 2 (Jayne Decl.), ¶¶ 9–11. On June 29, 2020, having received no responsive documents, Mr. Jayne attempted, unsuccessfully, to call Mr. Shelton again, and followed up that call with another email. Ex. 2 (Jayne Decl.), at ¶ 12.

On or about July 8, Mr. Jayne and Mr. Shelton spoke on the phone again, and the latter explained that Ms. Beverly was almost done gathering documents and needed an additional week. *See id.* at ¶ 13. On July 16, Mr. Jayne emailed Mr. Shelton to follow up on the last call and was told that Ms. Beverly was "basically done" but was not feeling well. *Id.* at ¶ 14. Over the weeks that followed, from approximately July 17 – August 3, Mr. Jayne called Mr. Shelton at least six more times but was unable to reach him. *See id.* at ¶ 15. Counsel finally spoke again on or about August 6, 2020, and Mr. Shelton stated that everything had been compiled, and he was reviewing with an expected production date that week, and I asked him to just send whatever portion was ready. *See id.* at ¶¶ 18–19.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Receiving no response after a full week, Mr. Jayne sent another email to Mr. Shelton on August 13, 2020, and again on September 1, 2020, addressing the Subpoenaed Parties' failures to produce the expected documents. *See id.* at ¶ 20. In the September 1 email, a deadline was given of September 4, 2020, before Movant intended to pursue court intervention. *See id.* Movant's counsel sent Mr. Shelton a proposed stipulation under LR 37-2 on September 28, 2020, but the latter failed to respond as required by LR 37-2.2. *See* Ex. 1 (Clement Decl.), at ¶ 14; *see also* Ex. 1-4 (email and joint stipulation).

Thus, Movant's counsel has attempted repeatedly to resolve this discovery dispute but was unable to come to a resolution on the issues presented in this motion. *See generally* Ex. 1 (Clement Decl.) & Ex. 2 (Jayne Decl.).

Pursuant to LR 45-1, this Motion seeks an order from this Court directing the Subpoenaed Parties to comply with the Subpoenas. The Motion will be based on this Notice of Motion and the Memorandum of Points and Authorities, the exhibits hereto, and any oral argument the Court wishes to entertain on the matter.

Dated this 6th day of October, 2020.

Respectfully submitted

By /s/ Chad F. Clement
Chad F. Clement, Esq. (CA SBN 271161)
MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Movant Interior Electric Incorporated Nevada*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........ 7

I. INTRODUCTION ........ 7

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ........ 8

III. LEGAL ARGUMENT ........ 9

A. The United States District Court for the Central District of California is the Proper Venue for this Motion. ........ 9

B. The Subpoenaed Parties Must Produce All Documents Responsive to the Subpoenas Because They Have Waived All Objections. ........ 10

C. The Subpoenaed Parties Must Execute the Respective Affidavits of Custodian of Record to Authenticate the Documents They Produce. ........ 12

D. Movant Should be Awarded Its Attorneys' Fees. ........ 13

IV. CONCLUSION ........ 14

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

# TABLE OF AUTHORITIES

## Cases

*AngioScore, Inc. v. TriReme Med., Inc.*,
No. 12 CV 3393, 2014 WL 6706873 (N.D. Cal. Nov. 25, 2014) ..... 10

*Chambers v. Whirlpool Corp.*,
No. SA CV 11-1733 FMO (JCGx), 2016 WL 9451360 (C.D. Cal. Aug. 12, 2016) ..... 9

*Creative Gifts, Inc. v. UFO*,
183 F.R.D. 568 (D.N.M. 1998) ..... 11

*Donovan v. Mazzola*,
716 F.2d 1226 (9th Cir. 1983) ..... 13

*Europlay Capital Advisors, LLC v. Does*,
323 F.R.D. 628 (C.D. Cal. 2018) ..... 10

*Falstaff Brewing Corp. v. Miller Brewing Co.*,
702 F.2d 770 (9th Cir. 1983) ..... 13

*Fed. Trade Comm'n v. Enforma Nat. Prod., Inc.*,
362 F.3d 1204 (9th Cir. 2004) ..... 13

*In re DG Acquisition Corp.*,
151 F.3d 75 (2d Cir. 1998) ..... 11

*Moon v. SCP Pool Corp.*,
232 F.R.D. 633 (C.D. Cal. 2005) ..... 11

*Music Grp. Macao Commercial Offshore Ltd. v. Does*,
82 F. Supp. 3d 979 (N.D. Cal. 2015) ..... 10

*Pennwalt Corp. v. Durand-Wayland, Inc.*,
708 F.2d 492 (9th Cir. 1983) ..... 13

*Poly-Med Novus Sci. PTE Ltd.*,
No. 17-CV-649-DMS-WVG, 2017 WL 2291942 (S.D. Cal. May 25, 2017) ..... 12, 13

*Procaps S.A. v. Patheon Inc.*,
No. 12-24356-CIV, 2015 WL 1722481 (S.D. Fla. Apr. 15, 2015) ..... 10

*Safeco Ins. Co. of Am. v. Rawstrom*,
183 F.R.D. 668 (C.D. Cal. 1998) ..... 11

*United States ex rel. Schwartz v. TRW, Inc.*,
211 F.R.D. 388 (C.D. Cal. 2002) ..... 11

## Other Authorities

Advisory Comm. Notes to 1991 Am. of Rule 45 ..... 11

**Rules**

Fed. R. Evid. 803(6) .......... 12
Fed. R. Evid. 902(11) .......... 12
FRCP 26(b) .......... 11
FRCP 26(b)(1) .......... 10
FRCP 26(g)(1)(A) .......... 12
FRCP 30 .......... 10
FRCP 34 .......... 11
FRCP 34(a) .......... 11
FRCP 45 .......... 1, 7, 10, 11
FRCP 45(c)(2)(B) .......... 11
FRCP 45(d)(2)(B)(i) .......... 11
FRCP 45(d)(2)(B)(ii) .......... 9
FRCP 45(g) .......... 1, 13, 14
LR 37-2 .......... 3
LR 37-2.2 .......... 3
LR 37-4 .......... 1, 13
LR 83-7(b) .......... 1, 13

**Treatises**

Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial*, § 11:2293 (2005 rev.) .......... 11

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Movant moves the Court to compel third parties Melinda Beverly ("Ms. Beverly") and Schiff & Shelton, Attorneys at Law ("S & S," and with Ms. Beverly, the "Subpoenaed Parties"), to produce documents pursuant to the two Subpoenas issued pursuant to FRCP 45, and directed to and served upon them, both, on January 23, 2020. *See* Exhibits 1-1 and 1-2.

The underlying litigation is a complex commercial litigation action, with allegations and claims including, *inter alia*, (1) breaches of contract and (2) of the implied covenant of good faith and fair dealing by a general contractor ("TWC") with whom Movant previously worked; (3) a claim against the surety bonds for payment of Movant's mechanic's liens, (4) improper withholdings by TWC under the Nevada Revised Statutes ("NRS"); (5) various instances of copyright infringement and (6) removal or alteration of copyright management information by TWC, two former "key employees" of Movant ("Baquerizo" and "Anderson"), and others; (7) breach of fiduciary duty by Baquerizo and Anderson; (8) intentional interference with Movant's prospective economic advantage by Baquerizo, Anderson, and the principals of TWC – Matt Ryba ("Ryba") and Mark Wilmer ("Wilmer"); (9) misappropriation of Movant's trade secrets and (10) conversion by Baquerizo, Anderson, and others; (11) various fraud claims against TWC and others; and (11) various inchoate offenses for the collective action of the defendants in order to commit unlawful acts in violation of Nevada and federal law.

This Motion is brought in this Court pursuant to FRCP 45, which requires that motions to compel compliance with a subpoena be brought in the court for the district where compliance is required. Although the underlying litigation is pending in the District of Nevada, the Subpoenaed Parties are understood to legally reside in the Central District of California. Ex. 1 (Clement Decl.), at ¶ 4.

Ms. Beverly has only responded to the Subpoenas with a minimal and incomplete production, and S & S has completely refused to produce any documents or substantive responses. The relevance and benefit of this discovery outweighs any minimal burden or

expense to the Subpoenaed Parties. Therefore, Movant hereby requests that the Court grant this Motion and compel production of documents responsive to its Subpoenas to the Subpoenaed Parties.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On June 22, 2018, Movant filed the above-described action in the United States District Court for the District of Nevada. *See Interior Electric Incorporated Nevada v. T.W.C. Construction, Inc. et al.*, Case No. 2:18-cv-01118-JAD-VCF (the "Nevada Action"). On April 22, 2019, Movant filed its First Amended Complaint. *See id.*, ECF No. 130. On March 2, 2020, Movant filed its Second Amended Complaint ("SAC"). *See id.*, ECF No. 188. The SAC contains the claims outlined above, among others not relevant to this Motion.

On January 23, 2020, Movant served the Subpoenas to the Subpoenaed Parties, commanding each of them to produce the following:

1. Produce all texts you received from, or sent to, Matthew Ryba regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

2. Produce all emails, including attachments, you received from, or sent to, Matthew Ryba regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

3. Produce all Documents and Communications you received from, or sent to, Matthew Ryba regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

4. Produce all texts you received from, or sent to, any person affiliated with T.W.C. Construction, Inc., regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

5. Produce all emails, including attachments, you received from, or sent to, any person affiliated with T.W.C. Construction, Inc., regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

6. Produce all Documents and Communications you received from, or sent to, any person affiliated with T.W.C. Construction, Inc., regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

*See* Exs. 1-1 and 1-2.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

After numerous email exchanges and telephone calls between Movant's counsel and S & S principal, Ralph Shelton, Esq. ("Mr. Shelton"), Mr. Shelton confirmed, on behalf of the Subpoenaed Parties, that more responsive documents existed that were not produced, that Mr. Shelton had those responsive documents in his possession, and that he intended to produce them back in June or early July 2020. *See* Ex. 1 (Clement Decl.), at ¶¶ 10–11; *see also* Ex. 2 (Jayne Decl.), at ¶¶ 10–11. At no time has either of the Subpoenaed Parties stated any objection to the Subpoenas. *See* Ex. 1 (Clement Decl.), at ¶ 13; *see also* Ex. 2 (Jayne Decl.), at ¶ 21.

The parties met and conferred by telephone and exchanged several follow-up emails, but the Subpoenaed Parties have yet to produce another document to supplement Ms. Beverly's disclosure or to satisfy S & S's obligations to comply with the Subpoena directed to it. Now before the Court is Movant's Motion to Compel the Subpoenaed Parties' compliance with the Subpoenas.

## III. LEGAL ARGUMENT

The Subpoenaed Parties have acknowledged that they have additional documents responsive the Subpoenas that they have not produced. Despite meeting and conferring, and despite Mr. Shelton's admission that responsive documents had been withheld and his commitment to producing the same in a timely manner, Movant has been forced to bring the instant Motion. Movant now respectfully requests that this Honorable Court grant this Motion, compel the Subpoenaed Parties to produce all responsive documents in a timely manner, and order the Subpoenaed Parties to pay Movant's attorney fees incurred in having to bring this Motion.

### A. THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA IS THE PROPER VENUE FOR THIS MOTION.

This District is the appropriate venue for a motion compelling the Subpoenaed Parties to produce documents in response to the Subpoenas served by Movant.

Motions to enforce a subpoena must be brought in the district where compliance is required. FRCP 45(d)(2)(B)(ii); *Chambers v. Whirlpool Corp.*, No. SA CV 11-1733 FMO

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

(JCGx), 2016 WL 9451360, at *3 (C.D. Cal. Aug. 12, 2016). Put another way, "the proper district to hear a motion to compel is where [the Subpoenaed Parties are] headquartered." *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (citing *Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 982, 984 (N.D. Cal. 2015) (holding that there is "no question" that the proper district to hear a motion to compel compliance with a Rule 45 nonparty subpoena is where the nonparty is headquartered); *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12 CV 3393, 2014 WL 6706873, at *1 & n.1 (N.D. Cal. Nov. 25, 2014) (holding that a Rule 45 subpoena specifying the place of compliance as more than 100 miles from nonparty's headquarters was "invalid on its face"); *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 1722481, at *3 (S.D. Fla. Apr. 15, 2015) (holding that district of compliance for Rule 45 subpoena is where nonparty corporation was headquartered)).

Ms. Beverly and S & S were both served on January 23, 2020, with Ms. Beverly served at her home in Rialto, California 92377, and S & S was served at its principal place of business or "headquarters" in Newport Beach, California 92660. *See* Ex. 1 (Clement Decl.), at ¶ 5; *see also* Ex. 1-3 (Affids. Of Serv.). Both Rialto and Newport Beach are located in the United States District Court for the Central District of California. *See generally* https://www.uscourts.gov/federal-court-finder/search.

Therefore, this is the appropriate court to consider the instant Motion.

**B. THE SUBPOENAED PARTIES MUST PRODUCE ALL DOCUMENTS RESPONSIVE TO THE SUBPOENAS BECAUSE THEY HAVE WAIVED ALL OBJECTIONS.**

"Unless otherwise limited by court order, … [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FRCP 26(b)(1). Of course, "[FRCP] 45 governs subpoenas duces tecum for the production of documents with or without the taking of a deposition," one of the purposes of which is "to facilitate access outside the deposition procedure provided by Rule 30 to documents and other information in the possession of persons who are not parties. … " *United States ex rel.*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

*Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) (citing Advisory Comm. Notes to 1991 Am. of Rule 45).

"The non-party witness is subject to the same scope of discovery under [FRCP 45] as that person would be as a party to whom a request is addressed pursuant to Rule 34," which requests apply to all "matters within the scope of Rule 26(b)." *Id.* (citing FRCP 34(a)). "Under Rule 45, the nonparty served with the subpoena duces tecum must make objections to it within 14 days after service or before the time for compliance, if less than 14 days." *Id.* (citing FRCP 45(c)(2)(B)). The Subpoenaed Parties made no objections and, instead, committed to producing documents they acknowledged having.

"Failure to serve timely objections waives all grounds for objection, including privilege." *Id.* (citing *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998)); *see also Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998) ("Objections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for response … "); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("A nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived.") (citing *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir.1998); *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M. 1998); Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial*, § 11:2293 (2005 rev.)). If a subpoenaed party fails to comply, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production … " FRCP 45(d)(2)(B)(i). Movant so moves for an order compelling production.

The Subpoenaed Parties were duly served with valid Subpoenas on January 23, 2020. *See* Ex. 1 (Clement Decl.), at ¶¶ 5 & 7; *see also* Ex. 1-3 (Affids. Of Serv.). Moreover, the Subpoenas comply with the 100-mile limit contained in FRCP 45 because they do not require travel of more than 100 miles and, in fact, allow production by either of two options: via email or via delivery to a court reporting company in Irvine, California,

which is well within 100 miles for both of the Subpoenaed Parties. *See* Ex. 1 (Clement Decl.), at ¶ 5; *see also* Exs. 1-1 and 1-2. Thus, the Subpoenas are valid.

Now, the Subpoenaed Parties, having (1) been duly served, (2) admitted to possessing responsive documents that have not been produced, (3) been given substantial time to comply and produce, and (4) continued to refuse or ignore requests for production without any excuse, let alone adequate excuse, must be compelled to comply. *See Poly-Med Novus Sci. PTE Ltd.*, No. 17-CV-649-DMS-WVG, 2017 WL 2291942, at *2 (S.D. Cal. May 25, 2017) (granting motion to compel after subpoenaed party made no objections, requested additional time, had five months pass, and still did not produce responsive documents).

Therefore, Movant respectfully requests that this Honorable Court so order and compel the Subpoenaed Parties' compliance and production forthwith.

### C. THE SUBPOENAED PARTIES MUST EXECUTE THE RESPECTIVE AFFIDAVITS OF CUSTODIAN OF RECORD TO AUTHENTICATE THE DOCUMENTS THEY PRODUCE.

The Subpoenaed Parties must sign, and return with their respective responses to the Subpoenas, the Affidavits of Custodian of Records or otherwise be required to bear the expenses to themselves and to Movant of conducting their respective depositions to authenticate the same due to their unreasonable refusal to execute the Affidavits. *See* Fed. R. Evid. 902(11) (allowing authentication of records of a regularly conducted activity by certification of the custodian); Fed. R. Evid. 803(6) (excepting from hearsay exclusion records of a regularly conducted activity based on requirements provided in the affidavit of a custodian); FRCP 26(g)(1)(A) ("Every … discovery … response … must be signed … by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry … with respect to a disclosure, it is complete and correct as of the time it is made.").

Therefore, Movant respectfully requests that the Court's anticipated order further command that the Subpoenaed Parties both execute the Affidavits of Custodian of Record that accompanied each of the Subpoenas.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**D. MOVANT SHOULD BE AWARDED ITS ATTORNEYS' FEES.**

"A subpoena *duces tecum* is itself a court order, and noncompliance may warrant contempt sanctions. A contempt charge against a nonparty may be either of a criminal or a civil nature." *Poly-Med*, 2017 WL 2291942, at *2 (citing *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n. 5 (9th Cir. 1983)) (alteration omitted); *see also* FRCP 45(g) ("The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

While criminal contempt is meant "to punish past defiance of a court's judicial authority," civil contempt is intended to "compel obedience with a court order, or to compensate the contemnor's adversary for the injuries resulting from the non-compliance." *Poly-Med*, 2017 WL 2291942, at *3 (quoting *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983)) (emphasis added); *see also* LR 37-4 ("The failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions."); LR 83-7(b) ("The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to … the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order … ").

"In a civil contempt action, the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Fed. Trade Comm'n v. Enforma Nat. Prod., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004) (alterations and internal quotation marks omitted). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.*

In order for the Subpoenaed Parties "[t]o satisfy this burden [they are] required to show 'categorically and in detail' why they were unable to comply … " *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983); *see also Poly-Med*, 2017 WL 2291942, at *3 (citing *Donovan*). Here, the Subpoenaed Parties simply cannot meet that burden when they have acknowledged and committed to producing, over months of communications, several

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

responsive documents that are known to exist but which they have continued to withhold. *See generally* Ex. 1 (Clement Decl.) (outlining efforts to obtain complete responses from the Subpoenaed Parties); Ex. 2 (Jayne Decl.) (same). Not only have the Subpoenaed Parties wasted significant time, they have cost Movant thousands of dollars in attorneys' fees in attempting, in good faith, to resolve these issues without judicial intervention.

Therefore, Movant respectfully requests that it be awarded its attorney fees and costs as a civil contempt sanction, against the Subpoenaed Parties, under FRCP 45(g). Movant intends to supplement this Motion to prove up the amount of its attorney fees should the Court decide that Movant is so entitled.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court enter an order compelling the Subpoenaed Parties to immediately produce all responsive documents in their possession, custody, or control and awarding Movant its reasonable attorneys' fees incurred in attempting to resolve this dispute and, ultimately, being forced to bring the instant Motion. Movant requests an opportunity to supplement to prove up its attorney fees if this Motion is granted and the Court determines that Movant is entitled to fees.

Dated this 6th day of October, 2020.

Respectfully submitted

By /s/ Chad F. Clement
Chad F. Clement, Esq. (CA SBN 271161)
MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Movant Interior Electric Incorporated Nevada*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **MOVANT INTERIOR ELECTRIC INCORPORATED NEVADA'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENAS DUCES TECUM AND FOR ATTORNEY FEES; MEMORANDUM OF POINTS AND AUTHORITIES** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 6th day of October, 2020.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Schiff & Shelton, Attorneys at Law, and
Melinda Beverly
c/o Ralph Shelton, Esq.
3400 Campus Drive, Suite 202
Newport Beach, CA 92660

*Attorney for the Subpoenaed Parties, Schiff & Shelton, Attorneys at Law, and Melinda Beverly*

/s/ Lennie Fraga
Lennie Fraga, an employee of
Marquis Aurbach Coffing