# EXHIBIT 1
# Declaration of Chad F. Clement

Exhibit 1
001

**Marquis Aurbach Coffing**
Chad F. Clement, Esq.
CA SBN 271161
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
cclement@maclaw.com
*Attorney for Movant Interior*
*Electric Incorporated Nevada*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| INTERIOR ELECTRIC INCORPORATED NEVADA, a domestic corporation, | Case No.: |
| Movant, | **DECLARATION OF CHAD F. CLEMENT, ESQ. IN SUPPORT OF MOVANT INTERIOR ELECTRIC INCORPORATED NEVADA'S MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENAS *DUCES TECUM*** |
| vs. | |
| MELINDA BEVERLY; and SCHIFF & SHELTON, ATTORNEYS AT LAW, | Related to Action Pending in the U.S. District Court for the District of Nevada, 2:18-cv-01118-JAD-VCF |
| Respondents. | |

I, Chad F. Clement, Esq., declare, pursuant to 28 U.S.C. § 1746 and Cal. Civ. Code § 2015.5, under penalty of perjury under the laws of the State of California, that the following is true and correct:

    1.    I am a Shareholder with the law firm of Marquis Aurbach Coffing, duly licensed to practice law in the State of California, am over the age of 18 years, and I have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true. I am competent to testify as to the facts stated herein in a court of law and will so testify if called upon.

MAC:14814-0019 4158800_1

Exhibit 1
002

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

2.      I am counsel for Movant Interior Electric Incorporated Nevada ("Movant") in the instant matter, and in the underlying matter to which this matter relates, *Interior Electric Incorporated Nevada v. T.W.C. Construction, Inc. et al.*, Case No. 2:18-cv-01118-JAD-VCF (D. Nev.) (the "Nevada Action").

3.      I make this Declaration in support of Movant's Motion to Compel Compliance with Rule 45 Subpoenas *Duces Tecum* ("Motion").

4.      This Motion is brought in this Court pursuant to Fed. R. Civ. P. 45, which requires that motions to compel compliance with a subpoena be brought in the court for the district where compliance is required.  Although the underlying litigation is pending in the District of Nevada, the Subpoenaed Parties are understood to legally reside in the Central District of California.

5.      On or about January 16, 2020, I issued subpoenas *duces tecum* ("Subpoenas") to Melinda Beverly ("Ms. Beverly") and Schiff & Shelton, Attorneys at Law ("S & S," and with Ms. Beverly, the "Subpoenaed Parties") and coordinated with staff to arrange for service of the same, which I understand to have been completed, as to both of the Subpoenaed Parties, on January 23, 2020 – to Ms. Beverly at her home in Rialto, California 92377, and to S & S at its principal place of business or "headquarters" in Newport Beach, California 92660.

6.      True and accurate copies of the Subpoenas, as maintained in the ordinary course of Marquis Aurbach Coffing's business, are attached hereto as **Exhibit 1-1** and **Exhibit 1-2**.

7.      True and accurate copies of the Affidavits of Service for the Subpoenas are attached together as **Exhibit 1-3**.

8.      In response to the Subpoenas, I received an email from Ms. Beverly on January 27, 2020, which included three screenshots from what I understood to be her cell phone, which showed text messages exchanges between Ms. Beverly and Matt Ryba ("Ryba"), a defendant in the Nevada Action.

MAC:14814-0019 4158800_1

Exhibit 1
003

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

9.      Movant's CEO received additional screenshots of text exchanges between Ms. Beverly and Ryba as well as document excerpts presumably received from Ryba or TWC Construction, Inc., so my Associate Attorney Collin M. Jayne, Esq. ("Mr. Jayne"), followed up with Ralph Shelton ("Mr. Shelton"), Principal for S & S, to confirm his representation of Ms. Beverly and to coordinate a meet and confer to discuss his firm's and Ms. Beverly's respective responses to the Subpoenas and production of documents that apparently exist but which were withheld.

10.     On June 18, 2020, Mr. Jayne and I called Mr. Shelton to conduct our meet and confer to address the deficient response from Ms. Beverly, including her failure to produce all documents and communications responsive to the subpoena, as well as S & S's failure to produce documents and communications responsive to the subpoena.

11.     During that meet and confer, we had a lengthy conversation in which Mr. Shelton acknowledged that Ms. Beverly did not produce everything responsive in her possession, custody, or control, and that he did not, or had not, produce everything responsive in S & S's possession, custody, or control.  Mr. Shelton committed to working with Ms. Beverly and his firm in order to produce the remaining documents to Movant in a couple of weeks thereafter.

12.     In the weeks and months that followed, at my instruction, Mr. Jayne followed up with Mr. Shelton via emails and telephone calls more than ten times, with the final attempt occurring on September 4, 2020, when Mr. Jayne addressed the Subpoenaed Parties' failures to produce the expected documents by explaining the history of their communications, demanding that he produce the documents by September 4, 2020, and advising that Movant intended to pursue court intervention should the Subpoenaed Parties continue their refusal to cooperate and comply with the Subpoenas.

13.     At no time has either of the Subpoenaed Parties stated any objection to the Subpoenas.

Page 3 of 4

MAC:14814-0019 4158800_1

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Exhibit 1
004

14.     Our firm sent Mr. Shelton a proposed stipulation under LR 37-2 on September 28, 2020, but he failed to respond as required by LR 37-2.2.  The email with the Proposed Joint Stipulation is attached hereto, together, as **Exhibit 1-4**.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  This declaration is executed on this 6th day of October, 2020, in Las Vegas, Nevada.

Dated this 6th day of October, 2020.


/s/ Chad F. Clement
Chad F. Clement, Esq.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 4 of 4

MAC:14814-0019 4158800_1

Exhibit 1
005

# EXHIBIT 1-1
# Subpoena to Produce Documents (Schiff & Shelton)

Exhibit 1
006

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| INTERIOR ELECTRIC INCORPORATED NEVADA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:18-cv-01118-JAD-VCF |
| T.W.C. CONSTRUCTION, INC. ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: SCHIFF & SHELTON, ATTORNEYS AT LAW

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| Place: Barkley Court Reporting   OR   Email documents to: | Date and Time: |
|---|---|
| 2040 Main Street, Suite 250   cclement@maclaw.com | |
| Irvine, CA  92614 | 02/05/2020 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/16/2020

CLERK OF COURT

OR

_____                    /s/Chad F. Clement
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Interior Electric
_____, who issues or requests this subpoena, are:

Chad F. Clement, Esq.; 10001 Park Run Drive, Las Vegas, NV 89145; cclement@maclaw.com; 702-942-2129

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 1
007

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:18-cv-01118-JAD-VCF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit 1
008

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 1
009

## EXHIBIT A

### I.    DEFINITIONS

1.    Date Range:  Unless otherwise specified in any request, the date range requested is from January 1, 2015, to present.

2.    "Document" and "writing," as used herein, shall refer to any information recorded on any tangible medium of expression, including all written, recorded or graphic records of every kind or description however produced or reproduced whether in the form of a draft, in final, original or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted or executed, including but not limited to written communications, letters, telegrams, correspondence, memoranda, notes, facsimiles, records, business records, video recordings, photographs or films, microfiche or microfilms, tape or sound recordings, transcripts or recordings, contracts, agreements, notations of telephone conversations or personal conversations, diaries, calendars, desk calendars, reports, work sheets, computer records, summaries, schedules, drawings, charts, graphs, blueprints, mylars, osalids, minutes, forecasts, appraisals, studies, computer programs or data, data compilations of any type or kind or material similar to any of the foregoing however dominated and to whomever addressed.  "Document" shall not exclude exact duplicates when originals are available, but shall include all copies made different from originals by virtue of any writings, notations, symbols, charters, impressions or any marks thereon, or other graphic, symbolic, recorded or written material of any nature whatsoever, along with all other data compilations from which information can be obtained and all drafts and preliminary drafts thereof.

3.    The term "Communication(s)" means any interchange of information of any form in any manner by which understanding may be transmitted or received, whether written, oral, electronically, or otherwise

4.    The term "relate" or the phrase "relating to," as well as all variations thereof, shall also include concern, refer, with respect to, memorialize, comprise, evidence, constitute, describe, were reviewed in conjunction with, or were generated as a result of the subject matter of any Request.  "Relating" shall mean concerning, relating to, referring to, with respect to, describing, evidencing, memorializing, or constituting, whether in whole or in part.

5.    The words "and" and "or" shall be construed both conjunctively and disjunctively and each shall include the other wherever such dual construction will serve to bring within the scope of a Request information or documents that otherwise would not be brought within its scope.

MAC:14814-001 3946945_1.docx 1/16/2020 2:58 PM

Exhibit 1
010

6.      "Include" or "including" shall be construed in each instance to include the phrase "but not limited to," to bring within the scope of any Request all information that might otherwise be construed to be outside of its scope.

7.      "Interior Electric" shall mean and include Interior Electric Incorporated Nevada, Interior Electric Incorporated, Interior Electric Inc., Integrated Energy Systems Nevada LLC, Integrated Energy Systems CA, Inc., or any other affiliate of those entities.

8.      "Any person affiliated with T.W.C. Construction, Inc." shall include, but is not limited to, any past or present employee of T.W.C. Construction, Inc. or ProCaps Laboratories, Inc., any past or present officer of T.W.C. Construction, Inc. or ProCaps Laboratories, Inc., any other representative of or person affiliated with T.W.C. Construction, Inc. or ProCaps Laboratories, Inc., Matthew Ryba, or Mark Wilmer.

9.      "Matthew Ryba" shall include, but is not limited to, Matthew Ryba himself, any other representative of him, or any person communicating on his behalf.

## II.   REQUESTS TO PRODUCE

1.  Produce all texts you received from, or sent to, Matthew Ryba regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

2.  Produce all emails, including attachments, you received from, or sent to, Matthew Ryba regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

3.  Produce all Documents and Communications you received from, or sent to, Matthew Ryba regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

4.  Produce all texts you received from, or sent to, any person affiliated with T.W.C. Construction, Inc., regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

5.  Produce all emails, including attachments, you received from, or sent to, any person affiliated with T.W.C. Construction, Inc., regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

6.  Produce all Documents and Communications you received from, or sent to, any person affiliated with T.W.C. Construction, Inc., regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

MAC:14814-001 3946945_1.docx 1/16/2020 2:58 PM

Exhibit 1
011

**AFFIDAVIT OF CUSTODIAN OF RECORDS
TO ACCOMPANY COPIES OF RECORDS
PURSUANT TO FED. R. EVID. 902(11) AND 803(6)**

STATE OF _____
                                    ) ss.
County of _____

The undersigned, being first duly sworn, on oath, deposes and says as follows:

1.      I am the Custodian of Records for_____ and have authority to certify said records; and

2.      That the above-referenced entity is licensed to do business as a _____ in the State of _____; and

3.      That the copies of the records attached to this Affidavit are true copies of all records within the possession or control of the above-referenced entity which are requested in the Subpoena Duces Tecum/Request for Records; and

4.      That the original of those records was made at or near the time of the act, event, condition, opinion, or diagnosis recited therein by or from information transmitted by a person with knowledge, in the course of a regularly conducted activity of the above-referenced entity.

I declare under penalty of perjury that the foregoing is true and correct.


                                    _____
                                    Custodian of Records

                                    Name (Print) _____


SUBSCRIBED AND SWORN to before me
this _____ day of _____, 2020.


_____
            Notary Public
NOTARY PUBLIC in and for
said County and State

Exhibit 1
012

# EXHIBIT 1-2
## Subpoena to Produce Documents (Melinda Beverly)

Exhibit 1
013

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | |
|---|---|
| INTERIOR ELECTRIC INCORPORATED NEVADA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   2:18-cv-01118-JAD-VCF |
| T.W.C. CONSTRUCTION, INC. ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

### MELINDA MADRID BEVERLY

To:

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Exhibit A

| Place: Barkley Court Reporting     or  Email documents to: 2900 Adams Street, #130      cclement@maclaw.com Riverside, CA  92504 | Date and Time: 02/05/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/16/2020

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/Chad F. Clement |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Interior Electric
, who issues or requests this subpoena, are:

Chad F. Clement, Esq.; 10001 Park Run Drive, Las Vegas, NV  89145; cclement@maclaw.com; 702-942-2129

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 1
014

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:18-cv-01118-JAD-VCF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                        *Server's signature*

                               _____
                                        *Printed name and title*

                               _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

Exhibit 1
015

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person, and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 1
016

## **EXHIBIT A**

### I.   **DEFINITIONS**

1.      Date Range:  Unless otherwise specified in any request, the date range requested is from January 1, 2015, to present.

2.      "Document" and "writing," as used herein, shall refer to any information recorded on any tangible medium of expression, including all written, recorded or graphic records of every kind or description however produced or reproduced whether in the form of a draft, in final, original or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted or executed, including but not limited to written communications, letters, telegrams, correspondence, memoranda, notes, facsimiles, records, business records, video recordings, photographs or films, microfiche or microfilms, tape or sound recordings, transcripts or recordings, contracts, agreements, notations of telephone conversations or personal conversations, diaries, calendars, desk calendars, reports, work sheets, computer records, summaries, schedules, drawings, charts, graphs, blueprints, mylars, osalids, minutes, forecasts, appraisals, studies, computer programs or data, data compilations of any type or kind or material similar to any of the foregoing however dominated and to whomever addressed.  "Document" shall not exclude exact duplicates when originals are available, but shall include all copies made different from originals by virtue of any writings, notations, symbols, charters, impressions or any marks thereon, or other graphic, symbolic, recorded or written material of any nature whatsoever, along with all other data compilations from which information can be obtained and all drafts and preliminary drafts thereof.

3.      The term "Communication(s)" means any interchange of information of any form in any manner by which understanding may be transmitted or received, whether written, oral, electronically, or otherwise

4.      The term "relate" or the phrase "relating to," as well as all variations thereof, shall also include concern, refer, with respect to, memorialize, comprise, evidence, constitute, describe, were reviewed in conjunction with, or were generated as a result of the subject matter of any Request.  "Relating" shall mean concerning, relating to, referring to, with respect to, describing, evidencing, memorializing, or constituting, whether in whole or in part.

5.      The words "and" and "or" shall be construed both conjunctively and disjunctively and each shall include the other wherever such dual construction will serve to bring within the scope of a Request information or documents that otherwise would not be brought within its scope.

MAC:14814-001 3946926_1.docx 1/16/2020 2:59 PM

Exhibit 1
017

6.      "Include" or "including" shall be construed in each instance to include the phrase "but not limited to," to bring within the scope of any Request all information that might otherwise be construed to be outside of its scope.

7.      "Interior Electric" shall mean and include Interior Electric Incorporated Nevada, Interior Electric Incorporated, Interior Electric Inc., Integrated Energy Systems Nevada LLC, Integrated Energy Systems CA, Inc., or any other affiliate of those entities.

8.      "Any person affiliated with T.W.C. Construction, Inc." shall include, but is not limited to, any past or present employee of T.W.C. Construction, Inc. or ProCaps Laboratories, Inc., any past or present officer of T.W.C. Construction, Inc. or ProCaps Laboratories, Inc., any other representative of or person affiliated with T.W.C. Construction, Inc. or ProCaps Laboratories, Inc., Matthew Ryba, or Mark Wilmer.

9.      "Matthew Ryba" shall include, but is not limited to, Matthew Ryba himself, any other representative of him, or any person communicating on his behalf.

## II.    **REQUESTS TO PRODUCE**

1.  Produce all texts you received from, or sent to, Matthew Ryba regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

2.  Produce all emails, including attachments, you received from, or sent to, Matthew Ryba regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

3.  Produce all Documents and Communications you received from, or sent to, Matthew Ryba regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

4.  Produce all texts you received from, or sent to, any person affiliated with T.W.C. Construction, Inc., regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

5.  Produce all emails, including attachments, you received from, or sent to, any person affiliated with T.W.C. Construction, Inc., regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

6.  Produce all Documents and Communications you received from, or sent to, any person affiliated with T.W.C. Construction, Inc., regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

MAC:14814-001 3946926_1.docx 1/16/2020 2:59 PM

Exhibit 1
018

### AFFIDAVIT OF CUSTODIAN OF RECORDS
### TO ACCOMPANY COPIES OF RECORDS
### PURSUANT TO FED. R. EVID. 902(11) AND 803(6)

STATE OF _____

                         ) ss.

County of _____

     The undersigned, being first duly sworn, on oath, deposes and says as follows:

     1.    I am the Custodian of Records for_____ and have authority to certify said records; and

     2.    That the above-referenced entity is licensed to do business as a _____ in the State of _____; and

     3.    That the copies of the records attached to this Affidavit are true copies of all records within the possession or control of the above-referenced entity which are requested in the Subpoena Duces Tecum/Request for Records; and

     4.    That the original of those records was made at or near the time of the act, event, condition, opinion, or diagnosis recited therein by or from information transmitted by a person with knowledge, in the course of a regularly conducted activity of the above-referenced entity.

     I declare under penalty of perjury that the foregoing is true and correct.


                           _____

                           Custodian of Records

                           Name (Print) _____


SUBSCRIBED AND SWORN to before me
this _____day of _____, 2020.


_____
            Notary Public

NOTARY PUBLIC in and for
said County and State

Exhibit 1

019

# EXHIBIT 1-3
# Affidavit of Service

Exhibit 1
020

**AFFIDAVIT OF SERVICE**

STATE OF ___California___ )
                                              ) ss.
COUNTY OF ___Orange___ )

**George Sano**, being duly sworn, says:  that at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received the **Letter, Subpoena Duces Tecum & Affidavit of Custodian of Records** on the **16th** day of **January 2020** and served the same on **23rd** day of **January 2020** by delivering to  **Schiff & Shelton c/o Lori Schiff at 3700 Campus Dr. Suite 202 Newport Beach California 92660.**

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

EXECUTED this **30** day of  **January 2020**.

_____
George Sano
(GSI) George Sano Investigations
360 E. First St., Suite 773
Tustin, CA 92780

SUBSCRIBED and SWORN to before me

this _30_ day of January 2020.

NOTARY PUBLIC in and for said County and State.

TONI SANO
Notary Public - California
Orange County
Commission # 2247645
My Comm. Expires Apr 23, 2020

Page 1 of 1

Exhibit 1
021

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

Civil Action No. 2:18-cv-01115-JAD-VCF

INTERIOR ELECTRIC INCORPORATED
NEVADA

          Plaintiff,

   -VS.-

T.W.C. CONSTRUCTION, INC. ET AL.,

          Defendant.

### AFFIDAVIT OF SERVICE

State of _Cub forenis_     )
                   )
County of _Riverside_    )

The undersigned being duly sworn, deposes and says:

I am over the age of 18 and not a party to this action. My business address is: 2026 N Riverside Ave. C230, Rialto  CA 92377

That on 1/23/20 @ 12:55pm, deponent served the within **Subpoena to Produce Documents, Information,or Objects or to Permit Inspection of Premises in a Civil Action** upon Melinda Beverly by personal service on Melinda Beverly at 207 Darfo Court, Crestline, CA 92325.

                   1/29/20
_____
Signature of person serving papers

_TRENT MACKIE_
Printed Name

Sworn to before me this

day of _____
        SEE ATTACHED
     NOTARIAL CERTIFICATE

Notary Public

          **Trent Mackie
Registered Process Server
San Bernardino County #534**

Exhibit 1
022

# CALIFORNIA JURAT
## (CALIFORNIA GOVERNMENT CODE § 8202)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

Subscribed and sworn to (or affirmed) before me on this 27 day of JANUARY, 20 20,

by TRENT MACKIE ---------------------------- , proved to me on the basis of

*(Name of Signer(s))*

satisfactory evidence to be the person(s) who appeared before me.

LISA D. BERNARD
Notary Public – California
Riverside County
Commission # 2191202
My Comm. Expires May 10, 2021

_____
Signature of Notary Public                    (Notary Seal)

_____ADDITIONAL OPTIONAL INFORMATION_____

**Description of Attached Document**

Title or Type of Document: Affidavit of Service _____ Document Date: _____

Number of Pages: 1 ____ Signer(s) Other Than Named Above: _____

Additional Information: _____

revision date 01/01/2015

Exhibit 1
023

# EXHIBIT 1-4
# Email Re: LR 37-2.2
# Stipulation

Exhibit 1
024

**Leah Dell**

| | |
|---|---|
| **From:** | Jared M. Moser |
| **Sent:** | Monday, September 28, 2020 11:07 AM |
| **To:** | ralph@schiff-shelton.com |
| **Cc:** | Chad F. Clement; Cody Mounteer; Collin M. Jayne; 14814_001 _Interior Electric NV_ Inc__TWC Construction_  4_ E_Mails _EMAIL_ 14814_001 |
| **Subject:** | Interior Electric v. TWC et al.; Subpoenas Duces Tecum; LR 37-2 Stipulation re Discovery Dispute (Melinda Beverly SDT Response); MAC File No. 14814-001 [IWOV-iManage.FID1012198] |
| **Attachments:** | LR 37-2 Stipulation re Discovery Dispute (Melinda Beverly SDT Response).DOCX; Melinda email to Chad (Redacted).pdf |
| | |
| **Importance:** | High |

Mr. Shelton,

Pursuant to LR 37-2.2, please find attached Interior Electric Incorporated Nevada's proposed LR 37-2 stipulation corresponding to our forthcoming motion to compel relative to your firm's and Ms. Beverly's subpoena responses.  The Exhibits will be the subpoenas already in your possession as well as the attached "production" from Ms. Beverly.

Pursuant to LR 37-2.2, **please supplement and return to us via email, within seven days**, your and Ms. Beverly's portion of the stipulation, together with all declarations and exhibits to be offered in support thereof, and we will file the same with our forthcoming notice of motion and motion to compel.

As always, please feel free to contact us should you have any questions or concerns.  Thank you,



MARQUIS AURBACH
COFFING

**Jared M. Moser, Esq.**
10001 Park Run Drive
Las Vegas, NV 89145
t | 702.942.2171
f | 702.382.5816
jmoser@maclaw.com
maclaw.com

 Please consider the environment before printing this e-mail!

Pursuant to IRS Circular 230, any tax information or written tax advice contained herein (including any attachments) is not intended to be and can neither be used by any person for the purpose of avoiding tax penalties nor used to promote, recommend or market any tax-related matter addressed herein.

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication contains confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please call us (collect) immediately at (702) 382-0711 and ask to speak to the sender of the communication. Also please e-mail the sender and notify the sender immediately that you have received the communication in error. Thank you. Marquis Aurbach Coffing - Attorneys at Law

Exhibit 1
025

1   **Marquis Aurbach Coffing**
    Chad F. Clement, Esq.
2   CA SBN 271161
    10001 Park Run Drive
3   Las Vegas, Nevada 89145
    Telephone: (702) 382-0711
4   Facsimile: (702) 382-5816
    cclement@maclaw.com
5    *Attorney for Plaintiff Interior*
    *Electric Incorporated Nevada*

6

          **UNITED STATES DISTRICT COURT**

7

          **CENTRAL DISTRICT OF CALIFORNIA**

8

             **WESTERN DIVISION**

9

10  INTERIOR ELECTRIC INCORPORATED    Case No.:
    NEVADA, a domestic corporation,
                              **L.R. 37-2 JOINT STIPULATION**
11                     Plaintiff,

12       vs.                          Underlying case:
                                    *Interior Electric Incorporated Nevada v.*
13  T.W.C. CONSTRUCTION, INC., a Nevada  *T.W.C. Construction, Inc. et al.,* No. 2:18-cv-
    corporation; TRAVELERS CASUALTY   01118-JAD-VCF (D. Nev.)
14  AND SURETY COMPANY OF
    AMERICA, a Connecticut corporation;
15  MATTHEW RYBA, an individual;
    GUSTAVO BAQUERIZO, an individual;
16  CLIFFORD ANDERSON, an individual;
    POWER UP ELECTRIC COMPANY, a
17  Nevada corporation, dba POWER ON
    ELECTRIC COMPANY; BAMM
18  ELECTRIC LLC, a Nevada limited liability
    company; PROLOGIS, L.P., a Delaware
19  limited partnership; AML PROPERTIES,
    INC., a Nevada corporation; AML
20  DEVELOPMENT 3, LLC; a Nevada limited
    liability corporation; LAPOUR
21  PARTNERS, INC., a Nevada corporation;
    DON FISHER, an individual; PHILCOR
22  T.V. & ELECTRONIC LEASING, INC., a
    Nevada corporation, dba NEDCO; QED,
23  INC., a Nevada corporation; TURTLE &
    HUGHES, Inc., a New Jersey corporation;
24  DOES I-X, inclusive; and ROE
    CORPORATIONS I-X, inclusive,
25

26                    Defendants.

27

28   ///

*Marquis Aurbach Coffing*
*10001 Park Run Drive*
*Las Vegas, Nevada 89145*
*(702) 382-0711 FAX: (702) 382-5816*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    Pursuant to Local Rule 37-2, Plaintiff Interior Electric Incorporated Nevada

2    ("Plaintiff"), and third parties Melinda Beverly ("Ms. Beverly") and Schiff & Shelton,

3    Attorneys at Law ("Shelton," and with Ms. Beverly, the "Subpoenaed Parties"), by and

4    through their respective counsel of record, hereby submit this Joint Stipulation containing all

5    of the issues in dispute for the Court's resolution.

6    **Issue No. 1:** Whether the Subpoenaed Parties failed to produce all documents

7    responsive to Plaintiff's subpoenas *duces tecum* ("Subpoenas") attached hereto as Exhibit 1

8    and Exhibit 2, and should be ordered to produce all responsive documents.

9    Plaintiff's Position: The Subpoenaed Parties have acknowledged to Plaintiff's

10   counsel that responsive documents exist and have not been produced, but neither of the

11   Subpoenaed Parties has produced all such documents known and acknowledged to exist.

12   Rather, Ms. Beverly responded to the Subpoena with only two pages containing just three

13   screenshots of text messages from her cell phone, and she has refused to produce any

14   additional documents or communications known to exist, while Shelton has produced

15   nothing at all. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii) (requiring a subpoenaed party to "produce

16   designated documents ... in that person's possession, custody, or control); *see also Perfect

17   10, Inc. v. Giganews, Inc.*, No. 11-CV-07098-AB (SHX), 2015 WL 12699460, at *18 (C.D.

18   Cal. Feb. 4, 2015) (concluding that without legitimate legal bases, "there can be no

19   justification for withholding these documents").  For all requests, the Subpoenaed Parties'

20   respective responses, or lack thereof, also fail to confirm what additional documents will be

21   produced and when, and do not state that their responses, or decision not to respond, were

22   made after reasonable inquiry. *See* Fed. R. Civ. P. 26(g)(1).

23   The Subpoenaed Parties also failed to respond adequately with their descriptions of

24   their respective searches, if any. *See Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal.

25   2012) (noting that a responding party "must briefly describe the search to allow the Court to

26   determine whether it is reasonable.").  Therefore, Plaintiff requests that the Court order the

27   Subpoenaed Parties to make a reasonable inquiry and provide complete responses to the

28

1 Subpoenas by producing all responsive documents, which they have acknowledged to exist

2 but have been withheld to date.

3       The Subpoenaed Parties' Position:

4

5 **Issue No. 2:** Whether the Subpoenaed Parties have waived all objections to the Subpoenas

6 by failing to timely assert any objections whatsoever.

7       Plaintiff's Position: Ms. Beverly responded to the Subpoena by emailing only two

8 pages containing just three screenshots of text messages from her cell phone with no

9 objections asserted. *See* Jan. 27, 2020 Email with attachments thereto, attached hereto as

10 Exhibit 3. Shelton did not respond at all before the expiration of the time to do so. Plaintiff

11 submits that there are no legitimate objections to its reasonable requests, in any event, but

12 the Subpoenaed Parties' time to assert any such objections has expired. *See* Fed. R. Civ. P.

13 45(d)(2)(B) (" … The objection must be served before the earlier of the time specified for

14 compliance or 14 days after the subpoena is served.").

15       By not stating any objections in a timely manner, all objections have been waived by

16 the Subpoenaed Parties. *See Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671 (C.D.

17 Cal. 1998) ("Objections not interposed in a timely initial response may not be held in

18 reserve and interposed after the period allowed for response … "); *Moon v. SCP Pool Corp.*,

19 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("A nonparty's failure to timely make objections to a

20 Rule 45 subpoena duces tecum generally requires the court to find that any objections have

21 been waived.") (citing *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir.1998); *Creative

22 Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M. 1998); Schwarzer, Tashima & Wagstaffe,

23 *California Practice Guide: Federal Civil Procedure Before Trial*, § 11:2293 (2005 rev.)).

24       The Subpoenaed Parties' Position:

25

26       **Issue No. 3:** Whether the Subpoenaed Parties must execute the affidavits

27 accompanying the Subpoenas in order to authenticate the documents produced and those

28 with which the Subpoenaed Parties are expected to supplement.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    <u>Plaintiff's Position</u>: The Subpoenaed Parties must sign, and return with their

2    respective responses to the Subpoenas, the Affidavits of Custodian of Records or otherwise

3    be required to bear the expenses to themselves and to Plaintiff of conducting their respective

4    depositions to authenticate the same due to their unreasonable refusal to execute the

5    Affidavits. *See* Fed. R. Evid. 902(11) (allowing authentication of records of a regularly

6    conducted activity by certification of the custodian); Fed. R. Evid. 803(6) (excepting from

7    hearsay exclusion records of a regularly conducted activity based on requirements provided

8    in the affidavit of a custodian); Fed. R. Civ. P. 26(g)(1)(A) ("Every ... discovery ...

9    response ... must be signed ... by the party personally, if unrepresented—and must state the

10   signer's address, e-mail address, and telephone number.  By signing, an attorney or party

11   certifies that to the best of the person's knowledge, information, and belief formed after a

12   reasonable inquiry ... with respect to a disclosure, it is complete and correct as of the time it

13   is made.").

14       <u>The Subpoenaed Parties' Position</u>:

15

16       Dated this ____ day of _____, 2020.

17

18   DATED this        day of September, 2020.    DATED this        day of September, 2020.

19   **MARQUIS AURBACH COFFING**              **SCHIFF & SHELTON**

20   _____            _____
     Chad F. Clement, Esq. (CA SBN 271161)     Ralph C. Shelton, II, Esq. (CA SBN 132757)
21   Nevada Bar No. 12192                       3700 Campus Dr, Suite 202
     10001 Park Run Drive                       Newport Beach, CA 92660
22   Las Vegas, Nevada 89145                    *Attorneys for Third Parties, Melinda Beverly*
     *Attorneys for Plaintiff*                  *and Schiff & Shelton, Attorneys at Law*

23

24

25

26

27

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**Collin M. Jayne**

| | |
|---|---|
| **From:** | mbeverlysrad ███████████████ |
| **Sent:** | Monday, January 27, 2020 9:23 AM |
| **To:** | Chad F. Clement |
| **Subject:** | Subpoena : civil action |

JAN 29 2020

Mr. Clement,

Please find requested documents .
Re; civil action 2:18cv01118jadvcf
Interior Electric Inc. Nevada
Vs
T.W.C Construction, Inc

1

Exhibit 1
030



9:15 ··· 93% ▮

‹ Me
7:12 PM, Aug 14                            ⋮

Matt , I really thank you for
reaching out..I always knew I
was cheated. If nothing else
thank you for stepping up , I
have such a great respect for
you doing this...
Thank you , you dont know how
much this means to me and
not necessarily that it will
Make him accountable
Just that you were honest...
Melinda

[Copy text]        [Share]



9:15 ··· 93% ▮

‹ Matt Ryba                    📞  🔍  ⋮
▬▬▬▬▬▬▬

Melinda, it was good to
reconnect with you, I just
wish it was for a positive
reason. We are here for
you if you need us and
please don't hesitate to
reach out. Sally says hello.
Take care.                      7:31 PM

Tuesday, August 20, 2019


Hi Matt , I'm working on
finding a new attorney.
My last one was basically
bought of by Mark so I
would not trust her. If
you happen to know of
any lawyers down this
way please do share... If
not please know I'm
working on it...
Melinda

Delivered 12:42 PM

I'm been away too long.

+  Enter message          

2

Exhibit 1
031



This is the extent of all communications I have with
Those named in the Subpoena..

Sincerely

Melinda Beverly

Sincerely

Exhibit 1
032