**Marquis Aurbach Coffing**
Chad F. Clement, Esq.
CA SBN 271161
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
cclement@maclaw.com
*Attorney for Movant, Interior*
*Electric Incorporated Nevada*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| INTERIOR ELECTRIC INCORPORATED NEVADA, a Nevada corporation,<br><br>          Movant,<br><br>   vs.<br><br>MELINDA BEVERLY; and SCHIFF & SHELTON, ATTORNEYS AT LAW,<br><br>          Respondents. | Case No.:<br><br>Related to Action Pending in the U.S. District Court for the District of Nevada, *Interior Electric Incorporated Nevada v. T.W.C. Construction, Inc. et al.*, Case No. 2:18-cv-01118-JAD-VCF |

## [PROPOSED] ORDER GRANTING PLAINTIFF INTERIOR ELECTRIC INCORPORATED NEVADA'S MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENAS *DUCES TECUM* AND FOR ATTORNEY FEES [DKT. 1]

Movant, Interior Electric Incorporated Nevada's ("Movant") moves to compel compliance by Respondents and third parties to the underlying proceedings, Melinda Beverly ("Ms. Beverly") and Schiff & Shelton, Attorneys at Law ("S & S," and with Ms. Beverly, "Respondents"), with Rule 45 subpoenas *duces tecum* duly served by Movant in the case of *Interior Electric Incorporated Nevada v. T.W.C. Construction, Inc. et al.*, Case No. 2:18-cv-01118-JAD-VCF (the "Nevada Action"), currently being litigated in the United States District Court for the District of Nevada. Dkt. 1 (Mot.). Movant also seeks attorneys' fees incurred in pursuing its instant motion. *See id.* For the reasons stated below, the motion is GRANTED.

MAC:14814-001 4162804_1

# I.

## BACKGROUND

The Nevada Action is a complex commercial litigation action, with allegations and claims including, *inter alia*, (1) breaches of contract and (2) of the implied covenant of good faith and fair dealing by a general contractor ("TWC") with whom Plaintiff previously worked; (3) a claim against the surety bonds for payment of Plaintiff's mechanic's liens, (4) improper withholdings by TWC under the Nevada Revised Statutes ("NRS"); (5) various instances of copyright infringement and (6) removal or alteration of copyright management information by TWC, two former "key employees" of Plaintiff ("Baquerizo" and "Anderson"), and others; (7) breach of fiduciary duty by Baquerizo and Anderson; (8) intentional interference with Plaintiff's prospective economic advantage by Baquerizo, Anderson, and the principals of TWC – Matt Ryba ("Ryba") and Mark Wilmer ("Wilmer"); (9) misappropriation of Plaintiff's trade secrets and (10) conversion by Baquerizo, Anderson, and others; (11) various fraud claims against TWC and others; and (11) various inchoate offenses for the collective action of the defendants in order to commit unlawful acts in violation of Nevada and federal law.

Movant has submitted declarations from its counsel, along with the stipulation required under LR 37 and its subparts, which collectively demonstrate that Movant has satisfied its burden to meet and confer in good faith to resolve the dispute now before this Court. Respondents did not respond to Movant's email providing an opportunity to supplement the stipulation, pursuant to LR 37-2.2. Movant's declarations and related exhibits establish that Movant issued subpoenas *duces tecum* ("Subpoenas") to Respondents and properly served the same under Federal Rule of Civil Procedure ("FRCP") 45 on January 23, 2020. As to each of Respondents, Movant's Subpoenas commanded as follows:

1. Produce all texts you received from, or sent to, Matthew Ryba regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

/ / /

/ / /

MAC:14814-001 4162804_1

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

2. Produce all emails, including attachments, you received from, or sent to, Matthew Ryba regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

3. Produce all Documents and Communications you received from, or sent to, Matthew Ryba regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

4. Produce all texts you received from, or sent to, any person affiliated with T.W.C. Construction, Inc., regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

5. Produce all emails, including attachments, you received from, or sent to, any person affiliated with T.W.C. Construction, Inc., regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

6. Produce all Documents and Communications you received from, or sent to, any person affiliated with T.W.C. Construction, Inc., regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.

Pursuant to LR 37-1, Movant's counsel emailed Respondents' on June 8, 2020, in order to confirm representation by Ralph Shelton, Esq. ("Mr. Shelton"), and on June 11, 2020, Mr. Shelton instructed Mr. Jayne to call him. Movant has further established that, in the months that followed that first contact, Movant's attempted, more than ten times via email and telephone, to address the deficiency, or complete absence of, Respondents' respective responses to the Subpoenas. The most substantive of these communications, in which Respondents were meaningfully engaged, occurred on June 18, 2020, at which time Mr. Shelton acknowledged that Respondents possessed additional documents responsive to the Subpoenas which had not been produced, and during which time Mr. Shelton represented that the same would be produced in short course. Ms. Beverly responded with no objections, no Affidavit of Custodian of Records, and only a small fraction of what she apparently possesses, while S & S has never responded at all with either a production of documents or any objections.

After repeated follow-up efforts by Movant's counsel, via email and telephone, attempting to procure the documents represented by Respondents to exist, Respondents still

Page 3 of 8

continued to disregard their compliance obligations, and Movant filed the instant motion on October 6, 2020.

## II.

## DISCUSSION

### A.     THIS COURT HAS JURISDICTION TO CONSIDER THE MOTION.

Motions to enforce a subpoena must be brought in the district where compliance is required.  FRCP 45(d)(2)(B)(ii); *Chambers v. Whirlpool Corp.*, No. SA CV 11-1733 FMO (JCGx), 2016 WL 9451360, at *3 (C.D. Cal. Aug. 12, 2016).  Put another way, "the proper district to hear a motion to compel is where [the Subpoenaed Parties are] headquartered." *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (citing *Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 982, 984 (N.D. Cal. 2015) (holding that there is "no question" that the proper district to hear a motion to compel compliance with a Rule 45 nonparty subpoena is where the nonparty is headquartered); *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12 CV 3393, 2014 WL 6706873, at *1 & n.1 (N.D. Cal. Nov. 25, 2014) (holding that a Rule 45 subpoena specifying the place of compliance as more than 100 miles from nonparty's headquarters was "invalid on its face"); *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 1722481, at *3 (S.D. Fla. Apr. 15, 2015) (holding that district of compliance for Rule 45 subpoena is where nonparty corporation was headquartered)).

Respondents were both served on January 23, 2020, with Ms. Beverly served at her home in Rialto, California 92377, and S & S was served at its principal place of business or "headquarters" in Newport Beach, California 92660.  Both Rialto and Newport Beach are located in the United States District Court for the Central District of California.  Therefore, this is the appropriate court to consider the instant Motion.

### B.     RESPONDENTS MUST PRODUCE ALL DOCUMENTS RESPONSIVE TO THE SUBPOENAS BECAUSE THEY HAVE WAIVED ALL OBJECTIONS.

"Unless otherwise limited by court order, … [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  FRCP

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14814-001 4162804_1

26(b)(1).   Of course, "[FRCP] 45 governs subpoenas duces tecum for the production of documents with or without the taking of a deposition," one of the purposes of which is "to facilitate access outside the deposition procedure provided by Rule 30 to documents and other information in the possession of persons who are not parties. … " *United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) (citing Advisory Comm. Notes to 1991 Am. of Rule 45).

"The non-party witness is subject to the same scope of discovery under [FRCP 45] as that person would be as a party to whom a request is addressed pursuant to Rule 34," which requests apply to all "matters within the scope of Rule 26(b)." *Id.* (citing FRCP 34(a)). "Under Rule 45, the nonparty served with the subpoena duces tecum must make objections to it within 14 days after service or before the time for compliance, if less than 14 days." *Id.* (citing FRCP 45(c)(2)(B)).   Respondents made no objections and, instead, committed to producing documents they acknowledged having.

"Failure to serve timely objections waives all grounds for objection, including privilege." *Id.* (citing *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998)); *see also Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998) ("Objections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for response … "); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("A nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived.") (citing *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir.1998); *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M. 1998); Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial*, § 11:2293 (2005 rev.)).   If a subpoenaed party fails to comply, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production … " FRCP 45(d)(2)(B)(i).

Respondents were duly served with valid Subpoenas on January 23, 2020, and the Subpoenas comply with the 100-mile limit contained in FRCP 45 because they do not

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14814-001 4162804_1

require travel of more than 100 miles and, in fact, allow production by either of two options: via email or via delivery to a court reporting company in Irvine, California, which is well within 100 miles for both of the Subpoenaed Parties.

Now, Respondents, having (1) been duly served, (2) admitted to possessing responsive documents that have not been produced, (3) been given substantial time to comply and produce, and (4) continued to refuse or ignore requests for production without adequate excuse are hereby compelled to comply.  *See Poly-Med Novus Sci. PTE Ltd.*, No. 17-CV-649-DMS-WVG, 2017 WL 2291942, at *2 (S.D. Cal. May 25, 2017) (granting motion to compel after subpoenaed party made no objections, requested additional time, had five months pass, and still did not produce responsive documents).

Movant's motion is, therefore, GRANTED, and Respondents are hereby ORDERED to produce all documents in their possession, custody, or control that are responsive to Movant's Subpoenas within fourteen (14) calendar days from the date of this Order.

### C. THE SUBPOENAED PARTIES MUST EXECUTE THE RESPECTIVE AFFIDAVITS OF CUSTODIAN OF RECORD TO AUTHENTICATE THE DOCUMENTS THEY PRODUCE.

Movant asks this Court to compel Respondents' execution of their respective Affidavits of Custodian of Records.

Movant argues that Respondents must sign, and return with their respective responses to the Subpoenas, the Affidavits of Custodian of Records or otherwise be required to bear the expenses to themselves and to Plaintiff of conducting their respective depositions to authenticate the same due to their unreasonable refusal to execute the Affidavits.  *See* Fed. R. Evid. 902(11) (allowing authentication of records of a regularly conducted activity by certification of the custodian); Fed. R. Evid. 803(6) (excepting from hearsay exclusion records of a regularly conducted activity based on requirements provided in the affidavit of a custodian); FRCP 26(g)(1)(A) ("Every … discovery … response … must be signed … by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number.  By signing, an attorney or party certifies that to the best of the

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14814-001 4162804_1

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1   person's knowledge, information, and belief formed after a reasonable inquiry … with

2   respect to a disclosure, it is complete and correct as of the time it is made.").

3       The Court agrees with Movant, and its motion is GRANTED such that Respondents

4   shall both execute the Affidavits of Custodian of Record that accompanied each of the

5   Subpoenas.

6       **D.      MOVANT IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES.**

7       "A subpoena *duces tecum* is itself a court order, and noncompliance may warrant

8   contempt sanctions.  A contempt charge against a nonparty may be either of a criminal or a

9   civil nature."  *Poly-Med*, 2017 WL 2291942, at *2 (citing *Pennwalt Corp. v. Durand-

10  Wayland, Inc.*, 708 F.2d 492, 494 n. 5 (9th Cir. 1983)) (alteration omitted); *see also* FRCP

11  45(g) ("The court for the district where compliance is required—and also, after a motion is

12  transferred, the issuing court—may hold in contempt a person who, having been served,

13  fails without adequate excuse to obey the subpoena or an order related to it.").

14      While criminal contempt is meant "to punish past defiance of a court's judicial

15  authority," civil contempt is intended to "compel obedience with a court order, <u>or to</u>

16  <u>compensate the contemnor's adversary for the injuries resulting from the non-compliance</u>."

17  *Poly-Med*, 2017 WL 2291942, at *3 (quoting *Falstaff Brewing Corp. v. Miller Brewing Co.*,

18  702 F.2d 770, 778 (9th Cir. 1983)) (emphasis added); *see also* LR 37-4 ("The failure of any

19  counsel to comply with or cooperate in the foregoing procedures may result in the

20  imposition of sanctions."); LR 83-7(b) ("The violation of or failure to conform to any of

21  these Local Rules may subject the offending party or counsel to … the imposition of costs

22  and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level

23  of bad faith and/or a willful disobedience of a court order … ").

24      "In a civil contempt action, the moving party has the burden of showing by clear and

25  convincing evidence that the contemnors violated a specific and definite order of the court."

26  *Fed. Trade Comm'n v. Enforma Nat. Prod., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004)

27  (alterations and internal quotation marks omitted).  "The burden then shifts to the

28  contemnors to demonstrate why they were unable to comply."  *Id.*

MAC:14814-001 4162804_1

1   In order for Respondents "[t]o satisfy this burden [they are] required to show

2   'categorically and in detail' why they were unable to comply … " *Donovan v. Mazzola*, 716

3   F.2d 1226, 1240 (9th Cir. 1983); *see also Poly-Med*, 2017 WL 2291942, at *3 (citing

4   *Donovan*).   Here, Respondents have not met that burden, having acknowledged and

5   committed to producing, over months of communications, several responsive documents

6   that are known to exist but which they have continued to withhold.   Not only have

7   Respondents wasted significant time, they have cost Movant a great deal in attorneys' fees

8   in attempting, in good faith, to resolve these issues without judicial intervention.

9   Therefore, this Court GRANTS the motion to the extent it requests a determination

10   of entitlement to attorneys' fees.   Movant shall have twenty-one (21) days to submit

11   supplemental briefing to prove up the amount of its attorneys' fees and to demonstrate the

12   reasonableness of the amount requested.

### III.

### CONCLUSION

15   For the foregoing reasons, Movant's Motion to Compel Compliance with Rule 45

16   Subpoenas *Duces Tecum* and for Attorney Fees is GRANTED.   Respondents Melinda

17   Beverly and Schiff & Shelton, Attorneys at Law, are ORDERED to serve full and

18   substantive responses to Movant's Subpoenas, which shall include all documents responsive

19   to the Subpoenas within Respondents' possession, custody, or control, within fourteen (14)

20   calendar days from the date of this Order.

21   Dated this ____ day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14814-001 4162804_1