## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-mc-24-JGB (SPx) | Date | December 7, 2020 |
|----------|----------------------|------|------------------|
| Title | Interior Electric Incorporated Nevada v. Melinda Beverly, et al. | | |

| Present: The Honorable | SHERI PYM, United States Magistrate Judge |
|------------------------|-------------------------------------------|

| Kimberly I. Carter | None |
|--------------------|------|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Movant: | Attorneys Present for Respondents: |
|-------------------------------|-----------------------------------|
| None | None |

**Proceedings:**     **(In Chambers) Order Granting Motion to Compel Compliance with Rule 45 Subpoenas [1]**

## I.
## INTRODUCTION

On October 6, 2020, movant Interior Electric Incorporated Nevada filed a motion to compel respondents Melinda Beverly and Schiff & Shelton, Attorneys at Law to produce documents in compliance with its Rule 45 subpoenas duces tecum and for attorney fees. Docket no. 1. Movant's motion is supported by the declarations of movant's counsel Chad F. Clement ("Clement Decl.") and Collin M. Jayne ("Jayne Decl."), and exhibits. Movant filed a notice of non-opposition to its motion to compel on November 23, 2020.

The court found a hearing on the motion would not be of assistance, and so vacated the hearing scheduled for December 1, 2020. The court now grants movant's motion to compel for the reasons that follow.

## II.
## BACKGROUND

On June 22, 2018, movant Interior Electric filed a complex commercial litigation action in the United States District Court for the District of Nevada. Mtn. at 7-8. Although the underlying litigation is pending in the District of Nevada, respondents Melinda Beverly and Schiff & Shelton are understood to legally reside in the Central

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-mc-24-JGB (SPx) | Date | December 7, 2020 |
|---|---|---|---|
| Title | Interior Electric Incorporated Nevada v. Melinda Beverly, et al. | | |

District of California.  *Id.* at 7, Clement Decl.  ¶ 4, Ex. 1.

On January 23, 2020, movant served subpoenas on respondents Melinda Beverly and Schiff & Shelton (who are third parties to the pending Nevada case), commanding each of them to produce the following categories of documents: (1) all texts received from, or sent to, Matthew Ryba regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric; (2) all emails, including attachments, received from, or sent to, Matthew Ryba regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric; (3) all documents and communications received from, or sent to, Matthew Ryba regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric; (4) all texts received from, or sent to, any person affiliated with T.W.C. Construction, Inc., regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric; (5) all emails, including attachments, received from, or sent to, any person affiliated with T.W.C. Construction, Inc., regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric; and (6) all documents and communications received from, or sent to, any person affiliated with T.W.C. Construction, Inc., regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric.  *See id.* at 8, Ex. 1 at 11, 18.  Movant specified February 5, 2020 as the date for compliance with these subpoenas.  Clement Decl. ¶¶ 5-6, Ex. 1 at 7, 14.

On June 8, 2020, movant's counsel Collin M. Jayne emailed Ralph Shelton in order to confirm whether he represented Ms. Beverly, and on June 11, 2020, Shelton instructed Jayne to call him.  Jayne Decl. ¶¶ 5-6, Ex. 2.  Despite following Shelton's instruction, Jayne was unable to reach Shelton, so he emailed him to coordinate a telephone call the following week.  *Id.* ¶¶ 7-8.  On June 18, 2020, the parties met and conferred by telephone, at which time Shelton acknowledged that Beverly failed to produce everything responsive in her possession, admitted to possessing responsive documents himself, and committed to working with Beverly to produce the remaining documents in the weeks to follow.  Clement Decl. ¶¶ 10-11; Jayne Decl. ¶¶ 9-11.  On June 29, 2020, having received no responsive documents, Jayne attempted unsuccessfully to call Shelton again, and followed up with another email.  Jayne Decl.     ¶ 12, Ex. 2.  At no time has either of the subpoenaed parties stated any objection to the subpoenas. Clement Dec. ¶ 13; Jayne Decl. ¶ 21.

On or about July 8, 2020, Jayne and Shelton spoke on the phone again, and Shelton

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-mc-24-JGB (SPx) | Date | December 7, 2020 |
|---|---|---|---|
| Title | Interior Electric Incorporated Nevada v. Melinda Beverly, et al. | | |

explained that Beverly was almost done gathering documents and needed an additional week. *Id.* ¶ 13. Jayne emailed Shelton on July 16, 2020 to follow up on their last call, and was told that Beverly was "basically done" by was not feeling well. *Id.* ¶ 14. Over the weeks that followed, from approximately July 17, 2020 to August 3, 2020, Jayne called Shelton at least six more times, but was unable to reach him. *Id.* ¶ 15. Counsel spoke again on or about August 6, 2020, and Shelton stated that everything had been compiled, and he was reviewing the documents with an expected production date that week. *Id.* ¶¶ 18-19. Movant's counsel asked Shelton to just send whatever portion of the documents that were ready. *Id.*

After receiving no response after a full week, Jayne sent another email to Shelton on August 13, 2020, and again on September 1, 2020, addressing respondents' failure to produce the expected documents. *Id.* ¶ 20. In the September 1, 2020 email, movant's counsel stated that the deadline to respond before movant moved for court intervention was September 4, 2020. *See id.* On September 28, 2020, movant's counsel sent Shelton a proposed stipulation under Local Rule 37-2, but he failed to respond. Clement Decl. ¶ 14. As such, movant filed the instant motion to compel on October 6, 2020.

**III.**
**DISCUSSION**

The local rules of this court generally require that any motion to compel be filed in the form of a joint stipulation. L.R. 37-2. But that requirement is excused where a party has failed to provide its portion of the joint stipulation in a timely manner in accordance with Local Rule 37-2.2. L.R. 37-2.4. As set forth above, movant repeatedly attempted to meet and confer regarding the disputes at issue in this motion, and movant provided Shelton with a proposed joint stipulation regarding the instant motion to compel on September 28, 2020, but he failed to respond. Clement Decl. ¶ 14. As such, movant's failure to file a joint stipulation is excused, and the court will consider the instant motion. *See* L.R. 37-2.4.

**A.    Respondents Must Produce All Documents Responsive to Movant's Subpoenas**

Movant moves the court to compel respondents Melinda Beverly and Schiff & Shelton to produce all documents responsive to the two subpoenas issued pursuant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-mc-24-JGB (SPx) | Date | December 7, 2020 |
|---|---|---|---|
| Title | Interior Electric Incorporated Nevada v. Melinda Beverly, et al. | | |

Rule 45 of the Federal Rules of Civil Procedure, and directed to and served upon them both on January 23, 2020.  Mtn. at 7.

Under Rule 45, any party may serve a subpoena commanding a nonparty "to attend and give testimony or to produce and permit inspection and copying of" documents.  Fed. R. Civ. P. 45(a)(1)(C).  The subpoena is subject to the relevance requirements set forth in Rule 26(b).  The nonparty served with the subpoena must make objections to it within 14 days after service or before the time for compliance, if less than 14 days.  Fed. R. Civ. P. 45(d)(2)(B).  "A nonparty's failure to timely make objections to a Rule 45 subpoena . . . generally requires the court to find that any objections have been waived."  *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (citations omitted).  But "[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena]."  *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).

Here, respondents Melinda Beverly and Schiff & Shelton were duly served with movant's subpoenas on January 23, 2020, which specified February 5, 2020 as the date for compliance.  Clement Decl. ¶¶ 5-6, Ex. 1 at 7, 14.  But respondents did not produce all responsive documents in their possession in response to the subpoenas, nor did they file any written objections.  *Id.* ¶ 13; Jayne Decl. ¶ 21.  Instead, they agreed to produce documents they acknowledged having, but have nonetheless failed to produce the documents despite being given substantial time to comply.  *Id.*  Respondents have also failed to identify any unusual circumstances or good cause to excuse their failure to file any timely objections.  The court thus finds respondents have waived any grounds for objections.  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").

Moreover, respondents have failed to oppose the instant motion to compel by the November 10, 2020 deadline (*see* L.R. 7-9), or at all, and as such may be deemed to have consented to the granting of the motion.  *See* L.R. 7-12.  Given that respondents have waived any objections to the subpoenas, admitted to possessing responsive documents that have not been produced, and have refused or ignored movant's requests for production without any excuse despite being given substantial time to comply, movant's motion to compel is plainly justified.  The court therefore grants movant's motion to compel respondents to produce all responsive documents in their possession pursuant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-mc-24-JGB (SPx) | Date | December 7, 2020 |
|----------|----------------------|------|------------------|
| Title | Interior Electric Incorporated Nevada v. Melinda Beverly, et al. | | |

the two subpoenas, and they must sign and return with their respective responses the Affidavits of Custodian of Record to authenticate the documents they produce.

**B.   <u>Movant May File a Supplemental Declaration in Support of Its Request for Monetary Sanctions</u>**

Movant also requests that it be awarded its reasonable attorney's fees and costs incurred in bringing this motion and attempting to resolve this dispute.  *See* Mtn. at 13-14.  Movant has not yet provided a declaration or other evidence establishing the amount of time movant's counsel spent in drafting this motion, or otherwise establishing the basis for monetary sanctions requested.  Nonetheless, the request for reasonable monetary sanctions appears well justified, and therefore the court is inclined to grant the request.  But the court must first review evidence of the time spent on this matter.

Accordingly, at this time the court simply grants movant's request to file a supplemental declaration or other evidence specifying the total amount of attorneys' fees that it seeks (*see id.* at 14), and instructs movant to provide a breakdown of that amount, including the amount of time movant's counsel spent in drafting this motion and other related tasks, and their hourly rate(s).

**IV.**
**<u>ORDER</u>**

For the foregoing reasons, IT IS HEREBY ORDERED that movant Interior Electric's motion to compel compliance with Rule 45 subpoenas duces tecum (docket no. 1) is granted as set forth above.  Respondents Melinda Beverly and Schiff & Shelton are ordered to produce all documents responsive to the subpoenas within their possession, custody, or control, along with Affidavits of Custodian of Record to authenticate the documents, within 14 days of this Order.