**Marquis Aurbach Coffing**
Chad F. Clement, Esq.
CA SBN 271161
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
cclement@maclaw.com
*Attorney for Movant Interior Electric Incorporated Nevada*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| INTERIOR ELECTRIC INCORPORATED NEVADA, a Nevada corporation,<br><br>Movant,<br><br>vs.<br><br>MELINDA BEVERLY; and SCHIFF & SHELTON, ATTORNEYS AT LAW,<br><br>Respondents. | Case No. 5:20-mc-00024-JGB-SP<br><br>**DECLARATION IN SUPPORT OF MOVANT'S REQUEST FOR ATTORNEY'S FEES RELATING TO MOTION TO COMPEL [ECF NO. 1]**<br><br>Related to Action Pending in the U.S. District Court for the District of Nevada, *Interior Electric Incorporated Nevada v. T.W.C. Construction, Inc. et al.*, Case No. 2:18-cv-01118-JAD-VCF |

Movant, Interior Electric Incorporated Nevada ("Movant"), by and through its attorney of record, Chad F. Clement, Esq., of the law firm of Marquis Aurbach Coffing, hereby submits its Declaration in Support of Movant's Request for Attorney's Fees Relating to Motion to Compel [ECF No. 1] ("Declaration"), as invited by the Court in its Order Granting Motion to Compel Compliance with Rule 45 Subpoena, dated December 7, 2020 [ECF No. 10]. This Declaration is made and based upon the papers and pleadings on file herein, the points and authorities below, including the sworn statements of the undersigned, and any argument the Court wishes to entertain.

Page 1 of 7

MAC:14814-001 Decl

**DECLARATION OF CHAD F. CLEMENT, ESQ. IN SUPPORT OF MOVANT'S REQUEST FOR ATTORNEY'S FEES RELATING TO MOTION TO COMPEL**

I, Chad F. Clement, Esq., declare, pursuant to 28 U.S.C. § 1746 and Cal. Civ. Code § 2015.5, under penalty of perjury under the laws of the State of California, that the following is true and correct:

1. I am a Shareholder with the law firm of Marquis Aurbach Coffing ("MAC"), duly licensed to practice law in the State of California, am over the age of 18 years, and I have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true. I am competent to testify as to the facts stated herein in a court of law and will so testify if called upon.

2. I am counsel for Movant Interior Electric Incorporated Nevada ("Movant") in the instant matter, and in the underlying matter to which this matter relates, *Interior Electric Incorporated Nevada v. T.W.C. Construction, Inc. et al.*, Case No. 2:18-cv-01118-JAD-VCF (D. Nev.) (the "Nevada Action").

3. I make this Declaration in support of Movant's request for attorney's fees relating to Movant's Motion to Compel ("Motion").

4. I understand the Court is already familiar with the majority of the procedural history in the instant dispute, giving rise to Movant's Motion, and, pursuant to Rule 10(c) of the Federal Rules of Civil Procedure ("FRCP"), I incorporate the history outlined in the Motion [ECF No. 1], my prior Declaration [ECF No. 1-2], and the Declaration of Collin M. Jayne, Esq. [ECF No. 1-3], all on file herein.

5. Additionally, since the Court entered its Order Granting Motion to Compel Compliance with Rule 45 Subpoena, dated December 7, 2020 [ECF No. 10], Respondents have continued their refusal to produce the attachments to the emails between Nevada defendant, Matthew Ryba, and Respondent

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14814-001 Decl

Melinda Beverly ("Ms. Beverly"). Instead, Respondents' counsel ("Mr. Shelton") emailed my Associate ("Mr. Moser") on November 24, 2020, at which time he provided a document dump of unresponsive pleadings from Ms. Beverly's divorce and equalization proceedings, which he was specifically informed, on more than one occasion, Movant did not want, and which the subpoenas at issue herein clearly did not request.

6. To his credit, Mr. Shelton did provide his firm's Custodian of Records Affidavit in his November 24, 2020, email, as directed by the Court.

7. Then, on November 30, 2020, Mr. Shelton again emailed Mr. Moser and provided what he represented to be a complete production by Ms. Beverly, including her own Custodian of Records Affidavit. However, the only documents provided at that time were (1) the same document dump of divorce and equalization court filings and (2) an email with text message attachment *that Mr. Moser had previously provided to Mr. Shelton* when explaining that Movant had not received, but expected to receive, much more that Mr. Shelton had previously represented to me did exist.

8. To this day, Respondents have yet to produce any of the attachments to the emails between Nevada defendant Matthew Ryba and Ms. Beverly's prior counsel, Carrie Fogelsong, Esq., which emails Mr. Shelton provided to Mr. Moser on October 8, 2020. Those attachments are represented in those emails to include, without limitation, W-2s and Schedule K-1s for Movant's former key employees, who are defendants in the Nevada action, as well as various subcontracts and change orders from Mr. Ryba.

9. In short, Respondents have effectively waived responsive documents in Movant's face but, despite Movant's subpoenas and subsequent efforts, *and despite this Court's direct order*, Respondents continue their refusal to comply with either.

/ / /

MAC:14814-001 Decl

10. The Court "must calculate awards for attorneys' fees using the 'lodestar' method, and the amount of that fee must be determined on the facts of each case." *Camacho v. Bridgeport Fin.*, Inc., 523 F.3d 973, 978 (9th Cir. 2008) (citations and internal quotation marks omitted). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001) (per curiam) (citation and internal quotation marks omitted)). The result of the lodestar computation is "presumptively reasonable." *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988) (citations omitted). The Court may, however, adjust the presumptive amount based on other factors. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997) (listing factors).

11. Based on the governing law, the facts giving rise to Movant's Motion, and the foregoing update of events that have transpired since this Court's Order was issued, I respectfully submit that Movant should recover all fees incurred relating to its subpoenas.

12. True, accurate, and authentic copies of my firm's invoices for the time incurred on this matter, since January 2019, when the subpoenas were issued, are attached hereto as **Exhibit 1**, redacted or with pages removed to omit entries not relevant to the instant dispute and to protect attorney-client privileged content or sensitive attorney work product relating to the on-going Nevada action.

13. Since serving the subpoenas upon Respondents on January 23, 2020, and through December 23, 2020, Movant incurred approximately 78.1 hours, amounting to $22,290.00 in attorney's fees in various action including, without limitation, telephone discussions and email exchanges with Respondents' counsel attempting to obtain Respondents' cooperation and

MAC:14814-001 Decl

compliance, legal research, and drafting the instant motion and related pleadings and filings.

14. Movant's attorney's fees can be broken down as follow: 22.3 hours for myself, for $7,247.50 in fees; 7.2 hours for Mr. Mounteer, for $2,340.00 in fees; 33.2 hours for Mr. Moser, for $9,130.00 in fees; and 11.7 hours for Mr. Jayne, for $2,925.00 in fees.

15. Work on the instant Motion was also assigned to MAC's paralegal when possible to reduce the amount of fees incurred, and her time totaled 3.7 hours, for a total of $647.50 in fees for our paralegal's time.

16. I respectfully submit that all of this time is and was reasonable and necessarily incurred, for the work performed.

17. MAC is AV rated by Martindale-Hubbell and is listed in Martindale-Hubbell's registry of Preeminent Lawyers.

18. I am a Shareholder with MAC, and I earned my Juris Doctor from Southwestern Law School. Prior to joining MAC, I was a law clerk to the Honorable Justice Nancy M. Saitta of the Nevada Supreme Court. I am admitted to practice law in both California and Nevada, and my practice primarily includes general civil and commercial litigation.

19. Cody S. Mounteer, Esq. ("Mr. Mounteer") is also a Shareholder with MAC and was responsible for some of the legal services provided in this matter. Mr. Mounteer has an extensive background in the construction industry and has represented a number of the nation's largest builders in his 12-year career as an attorney in Nevada. He has been named in lists of top attorneys including the Mountain States Rising Stars, Nevada Business's Legal Elite, and the Best Lawyers in America for commercial litigation, and he has also been recognized for his pro-bono activities by the Southern Nevada Pro Bono project.

/ / /

MAC:14814-001 Decl

20. Jared M. Moser, Esq. ("Mr. Moser") is an Associate Attorney with MAC and was responsible for some of the legal services provided in this matter. Mr. Moser began practicing law in Hawaii in 2011 before he returned to Las Vegas in 2012, where he began serving as law clerk to the Honorable Nancy L. Allf in the Eighth Judicial District Court of Nevada, during which clerkship Mr. Moser was also admitted to practice law in Nevada courts, in 2013. After his clerkship with Judge Allf, Mr. Moser went on to clerk for the Honorable Johnnie B. Rawlinson of the U.S. Court of Appeals for the Ninth Circuit and is now licensed to practice in the Federal District Court for the District of Nevada as well as in the Ninth Circuit Court of Appeals. Mr. Moser's practice primarily includes general civil and commercial litigation and appellate practice, and he has authored in, and contributed to, local and national legal publications.

21. Collin M. Jayne, Esq. ("Mr. Jayne") is an Associate Attorney at MAC, and he has been licensed with the State Bar of Nevada since 2015. His peers have recognized him in Nevada Business Magazine as Legal Elite and as the most Up and Coming Lawyer in Las Vegas for 2019. Prior to joining MAC, Mr. Jayne had the honor of serving for two years as a law clerk to the Honorable Judge Adriana Escobar in the Eighth Judicial District Court.

22. Upon information and belief, standard hourly rates for Shareholders in the Las Vegas legal community for firms of comparable size and experience range between $300–$1,000/hour, and standard hourly rates for Associates range between $225–$400/hour, so mine and my colleagues' rates are actually below the industry average.

Dated this 20th day of January, 2021.

By  /s/ Chad F. Clement
*Counsel for Movant, Interior Electric Incorporated Nevada*

MAC:14814-001 Decl

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DECLARATION IN SUPPORT OF MOVANT'S REQUEST FOR ATTORNEY'S FEES RELATING TO MOTION TO COMPEL [ECF NO. 1]** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 20th day of January, 2021.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Schiff & Shelton, Attorneys at Law, and
Melinda Beverly
c/o Ralph Shelton, Esq.
3400 Campus Drive, Suite 202
Newport Beach, CA 92660

*Attorney for the Subpoenaed Parties, Schiff & Shelton, Attorneys at Law, and for Melinda Beverly*

　　　/s/ Lennie Fraga
　　　an employee of Marquis Aurbach Coffing

MAC:14814-001 Decl