**Ralph C. Shelton II, Esq. 132757**
**Laurie Schiff. Esq. 140455**
**Schiff & Shelton**
Attorneys at Law
3700 Campus Drive, Suite 202
Newport Beach, California 92660
Telephone: (949) 417-2211

Attorneys for Melinda Beverley

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| INTERIOR ELECTRIC INCORPORATED, a Nevada Corporation,<br><br>Movant,<br><br>vs.<br><br>MELINDA BEVERLEY; and SCHIFF & SHELTON, ATTORNEYS AT LAW,<br><br>Respondent. | Case No. 5:20-mc-0024-JGB-SP<br><br>DECLARATION IN RESPONSE TO MOVANT'S REQUEST FOR FEES RELATING TO MOTION TO COMPEL RELIEF [ECF NO. 11]<br><br>Underlying case:<br>Interior Electric Incorporated Nevada v. T.W.C. Construction, Inc. et al., No. 2:18-cv-01118-JAD-VCF (D. Nev.) |

I, Ralph C. Shelton II, declare as follows:

1. I am an attorney at law, duly admitted before this Court, and am a member of the firm of Schiff & Shelton. The facts stated herein are true and correct and of my own personal knowledge such that if called to testify to the same I could and would competently so testify. This firm represents Melinda Beverly regarding the underlying subpoena for records.

2. This firm has provided all documents in its possession, custody and control that may be responsive to the subject subpoena. I am informed and believe, and on that basis state, that my client has also complied fully with the subpoena by producing all documents within her

Page 1

DECLARATION IN RESPONSE TO MOVANT'S REQUEST FOR FEES RELATING TO MOTION TO COMPEL

RELIEF [ECF NO. 11]

possession, custody and control that might be responsive to the subpoena. I have reviewed the various documents produced as well as the chain of electronic mail messages that the movant contends indicates the existence of other documents, and as discussed below, such documents may indeed exist, but are beyond the possession, custody or control of either this firm of our client, Ms. Beverley.

3. Schiff & Shelton represented Melinda Beverley in her state court dissolution of marriage with respect to a post-judgment motion brought by her former spouse Mark Beverley. Judgment had been entered in that matter, (*In re Marriage of Beverley, Melinda and Mark,* Orange County Superior Court Case No. 06D011076) in 2010. A post-judgment motion had been filed, and we represented Melinda Beverley from March, 2017 through the hearing on the motion in August, 2017. Mrs. Beverly subsequently retained other counsel, a Ms. Carrie Foglesong.

4. In 2020, we received a subpoena in the underlying matter seeking documents pertaining to a Matt Ryba. It appeared that a Mark Beverley had been a party to an action wherein we had appeared a few years earlier. My partner, Ms. Schiff, sent an email to Chad Clement of Marquis Aurbach Coffing on January 23, 2020, of which a true and correct copy is attached as exhibit "A". Our records indicate that no response to that email was ever received. Our records further indicate that Ms. Schiff's January 23, 2020 email was not in response to or as a follow up to any telephone call.

5. In March, 2020, I was contacted by Melinda Beverley inquiring as to resuming her representation. We did not commence an attorney/client relationship at that time. On June 5, 2020, she contacted me and forwarded a subpoena she had apparent previously received, calling for production of documents February 5, 2020, four months prior. She forwarded and email she had received on June 5, 2020, from Collin Jayne of Marquis Aurbach Coffing, in which he acknowledged receiving documents she had produced. In that email, a true and correct copy of wqhich is attached as exhibit "B", Mr. Jayne contends that he believes that there are other "texts or emails" that would be responsive that were exchanged between Mrs. Beverley and Matt Ryba.

6. Owing to Mrs. Beverly's poor medical condition (she suffers from lupus) and poor economic

state, I agreed to interface on her behalf with Mr. Jayne, *et al.,* on a *pro bono* basis. Through June and July, 2020, I had a few exchanges with Mr. Jayne and Mr. Jared Moser, also of his firm. My efforts were primarily to attempt to determine what documents they believed existed, and to try to determine whether any such documents were in the possession or control of Mrs. Beverley. This effort was complicated by the pandemic and Mrs. Beverly's limited availability.

7. I had previously forwarded what I understood to be all documents responsive to the subpoena, consisting of an email chain received from Mrs. Beverley. It commenced with an email from Matt Ryba to attorney Carrie Foglesong. A true and correct copy of that exchange is attached as exhibit "C".

8. On June 12, 2020, Mr. Jayne sent me an email in which he set forth the reasons for his suspicion that additional responsive documents existed. A true and correct copy of that email is attached as exhibit "D". Notably, he may have been confused as to what attorney was being referred to by Mrs. Beverly in a text message to Mark Beverley, but in subsequent conversation I had clarified that it was not me, as I had not represented her for years when that statement was made. Following that email subsequent telephone discussions with Mr. Jayne, I looked further into the matter. On June 12, 2020, Mr. Jayne sent me what had been received from my client, which is included in what is attached as Exhibit "C". I discussed this with Mr. Jayne shortly thereafter. On October 8, 2020, I sent Mr. Moser what I had received directly from my client, which was also what they had received, which is Exhibit "C". This comprised all of the responsive communications that I was aware of. Ultimately, Mr. Jayne remained firm in his position that he believed there were additional responsive documents they had not received. This led to the motion to compel being filed. On November 24, 2020, I again provided responsive documents on behalf of Schiff & Shelton with a Custodian of Records affidavit, and on November 24, provided them on behalf of Mrs. Beverley with her affidavit,

9. Inasmuch as Mr. Jayne continued to pursue the matter and neither I nor Mrs. Beverley could locate any additional documents, we produced all documents we had received from Mrs. Beverley and her declaration affirming that all responsive documents of which she had

Page 3

DECLARATION IN RESPONSE TO MOVANT'S REQUEST FOR FEES RELATING TO MOTION TO COMPEL

RELIEF [ECF NO. 11]

possession, custody or control had been produced. The affirmation was given by way of a Custodian of Records declaration provided by Mr. Jayne. Out of an abundance of caution, we also produced all documents of which Schiff & Shelton had possession, along with an affirmation by way of a Custodian of Records declaration.

10. It appears from the email exchange that has given rise to a belief that Mrs. Beverley possesses additional documents that this originated as an exchange between Matt Ryba and attorney Carrie Foglesong (Exhibit "C"), and that it would be most appropriate to look to those two individuals to obtain communications. It is apparent that there had been attachments to one or more emails between them, and that those attachments were not transmitted to Mrs. Beverley.

11. It is further apparent that Mr. Clement's belief that compliance has yet to occur is misplaced. Faced with repeated demands, following delivery of what was believed to be all responsive documents, Mrs. Beverley and her counsel had little option but to produce every scrap of communication that might remotely be responsive, however useless it might be. As an example, because TWC Construction was apparently owned by Mark Beverly, and may therefore have been the subject of distribution and equalization, anything related to the dissolution action might be responsive. In essence, since movant was dissatisfied with the responses, we opened our file to them. That, apparently, is also not enough. However, the fact remains that documents cannot be produced which do not exist. Melinda Beverley has affirmatively stated that she has no more, as has Schiff & Shelton.

12. At paragraph 8 of his declaration, Mr. Clements states the heart of the problem. He states "To this day, Respondents have yet to produce any of the attachments to the emails between Nevada defendant Matthew Ryba and Ms. Beverley's prior counsel, Carrie Foglesong, Esq." It is significant to note that Ms. Foglesong represented Ms. Beverley *after* Schiff & Shelton, not before. Schiff & Shelton does not have the "attachments", as Schiff & Shelton were not included in the emails which contained the "attachments", and were no longer representing Ms. Beverley at the time of those emails. I have suggested that movant obtain them from Ms. Foglesong or Mr. Ryba, the actual correspondents. Mr. Ryba is a party to the underlying action, as I understand

it, and Ms. Foglesong should be subject to the same subpoena process to which Schiff & Shelton was. When this was suggested to Mr. Jayne, he acknowledged that movant was attempting to obtain the attachments from Ms. Foglesong, but that she had changed firms and there was some sort of problem as a result. However, the fact remains that the attachments of which so much has been made would be in the possession of Ryba and Foglesong, and has not been transmitted to Ms. Beverley.

13. Mrs. Beverley and Schiff & Shelton have made diligent efforts to provide every possible scrap of communication possible to movant, since they were unsatisfied with a directly responsive production of all documents in possession of respondent. Production cannot be made of that which Mrs. Beverly and her counsel do not have.

14. Movant should not be awarded any attorney fees. Movant was fully aware, well in advance of any dispute, that the subject exchange was one between Matt Ryba and Carrie Foglesong, and that those emails occurred after Schiff & Shelton was no longer involved in Ms. Beverley's dissolution proceeding. They demanded from Ms. Beverley and this firm documents that may have been attached to the Ryba/Foglesong communication. We have produced all documents within the possession, custody and control of Ms. Beverley or this firm that were responsive on more than one occasion, and, when movant was unsatisfied with that, anything that might be even remotely related to anything that might be responsive. As a matter of opinion, as an attorney who has been in practice over 33 years in both State and Federal Court, I find the approach of movant's counsel baffling and their request for fees utterly unreasonable. Armed with knowledge of the actual source of documents (Ryba and Foglesong), they subpoenaed the same from someone else (Ms. Beverley and Schiff & Shelton), amazingly subpoenaed Schiff & Shelton who represented Ms. Beverly for a period of a few months 3 years prior, and have pursued this against those endeavoring to comply rather than those who can actually comply. Moreover, we are expected to believe that it has taken three attorneys over 72 hours to relentlessly pursue that which does not exist.

I declare under penalty of perjury that the foregoing is true and correct. Executed February 8, 2020, at Newport Beach, California.

/s/ Ralph C. Shelton II
Ralph C. Shelton II