**Marquis Aurbach Coffing**
Chad F. Clement, Esq.
CA SBN 271161
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
cclement@maclaw.com
*Attorney for Movant Interior
Electric Incorporated Nevada*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| INTERIOR ELECTRIC INCORPORATED NEVADA, a Nevada corporation,<br><br>Movant,<br><br>vs.<br><br>MELINDA BEVERLY; and SCHIFF & SHELTON, ATTORNEYS AT LAW,<br><br>Respondents. | Case No. 5:20-mc-00024-JGB-SP<br><br>**DECLARATION OF CHAD F. CLEMENT, ESQ. IN REPLY TO RALPH SHELTON'S DECLARATION [DKT. NO. 16]**<br><br>Related to Action Pending in the U.S. District Court for the District of Nevada, *Interior Electric Incorporated Nevada v. T.W.C. Construction, Inc. et al.*, Case No. 2:18-cv-01118-JAD-VCF |

Movant Interior Electric Incorporated Nevada ("Movant"), by and through its attorney of record, Chad F. Clement, Esq., of the law firm of Marquis Aurbach Coffing, hereby submits its Declaration of Chad F. Clement, Esq. in Reply to Ralph Shelton's Declaration [Dkt. No. 16] ("Reply Declaration"). This Reply Declaration is made and based upon the papers and pleadings on file herein, the points and authorities below, including the sworn statements of the undersigned, and any argument the Court wishes to entertain.

/ / /

/ / /

MAC:14814-001 4271716_1

I, Chad F. Clement, Esq., declare, pursuant to 28 U.S.C. § 1746 and Cal. Civ. Code § 2015.5, under penalty of perjury under the laws of the State of California, that the following is true and correct:

1. I am a Shareholder with the law firm of Marquis Aurbach Coffing ("MAC"), duly licensed to practice law in the State of California, am over the age of 18 years, and I have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true. I am competent to testify as to the facts stated herein in a court of law and will so testify if called upon.

2. I am counsel for Movant Interior Electric Incorporated Nevada ("Movant") in the instant matter, and in the underlying matter to which this matter relates, *Interior Electric Incorporated Nevada v. T.W.C. Construction, Inc. et al.*, Case No. 2:18-cv-01118-JAD-VCF (D. Nev.) (the "Nevada Action").

3. I make this Reply Declaration in support of Movant's request for attorney's fees relating to Movant's Motion to Compel ("Motion") and to address erroneous or otherwise false statements in the Declaration of Ralph Shelton ("Mr. Shelton") [Dkt. No. 16].

4. First, Movant submits to this Court that even if Schiff & Shelton has produced all documents responsive to Movant's subpoena that are within its possession custody, or control, Melinda Beverly ("Ms. Beverly," and with Mr. Shelton, "Respondents") certainly has not.

5. The subject attachments to the emails at issue, which Mr. Shelton eventually provided to MAC (just the emails), are within Ms. Beverly's possession, custody, or control, and she *still* has not produced them. *See Allen v. Woodford*, No. CVF051104OWWLJO, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007), *modified on reconsideration*, No. 1:05-CV-1104 OWW NEW, 2007 WL 9747771 (E.D. Cal. Mar. 16, 2007) ("Property is deemed within a

MAC:14814-001 4271716_1

party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof *or the legal right to obtain the property on demand*.") (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (emphasis added).

6. All Ms. Beverly needed to do was ask her prior counsel for the attachments to those emails and she should have been able to pass them along to MAC and Movant; Ms. Beverly need not maintain those documents in her home filing cabinet to bear an obligation to produce them. *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) ("Control is defined as the legal right to obtain documents upon demand.") (citing *United States v. Int'l Union of Petroleum & Indus., Workers, AFL–CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989)); *see also* FED. R. CIV. P. 45(e)(1)(D) (requiring a party that fails to produce electronically stored information to "show that the information is not reasonably accessible because of undue burden or cost").

7. In fact, Mr. Shelton and Ms. Beverly did not even provide those emails until October 8, 2020, two days after the Motion to Compel [Dkt. No. 1] was filed in this action, on October 6, 2020. Thus, it took the Motion to Compel to get Respondents to produce anything responsive, despite Respondents' prior acknowledgments of responsive documents.

8. Next, Mr. Shelton attempts to limit his responsibility or liability by claiming that the scope and duration of Schiff & Shelton's representation of Ms. Beverly was very limited. *See generally* Dkt. No. 16 at ¶¶ 3–4. Anticipating issues as to status of representation, and to confirm with whom MAC should be communicating, MAC did confirm that Schiff & Shelton was representing Ms. Beverly for purposes of the subpoena and their responses. *See* Dkt. No. 1-3 at ¶ 5.

9. MAC confirmed that Mr. Shelton represented Ms. Beverly, participated in multiple telephone calls in which Mr. Shelton himself

MAC:14814-001 4271716_1

acknowledged that (1) there appeared to be responsive documents that Ms. Beverly had not produced and (2) either Mr. Shelton or Ms. Beverly had additional documents that would be produced but, ultimately, never were.

10. Indeed, but for our justifiable reliance on Mr. Shelton's representations to Mr. Jayne and me, specifically in our June 18, 2020 meet-and-confer call, as well as on several occasions thereafter, that additional responsive documents did exist, we would not have committed the time to pursuing those documents from Mr. Shelton. As to Ms. Beverly, however, she clearly had and continues to have additional records in her possession, custody, or control, which could be had if she simply called her former counsel at Sullivan Law to obtain them.

11. Third, Mr. Shelton's Declaration suggests that Respondents should be commended for producing a document dump of non-responsive documents. *See generally* Dkt. No. 16 at ¶¶ 11–14. This idea is inconsistent with the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 1 (stating the Rules are intended "to secure the just, speedy, and inexpensive determination of every action and proceeding"); FED. R. CIV. P. 26(g) (requiring certification that responses are complete and not intended to needlessly increase the cost of litigation); FED. R. CIV. P. 45(a)(1)(A)(iii) (stating that subpoenas must command a respondent to "produce *designated* documents") (emphasis added).

12. The suggestion that a non-responsive document dump is appropriate is also inconsistent with federal law. *See, e.g., Scruggs v. Vance*, No. 2:06-CV-0633 KJM KJN, 2011 WL 6368297, at *13 n.7 (E.D. Cal. Dec. 19, 2011) (recognizing that production of "non-responsive documents" was improper); *Branca v. Heal the World Found.*, No. CV097084DMGPLAX, 2011 WL 13128392, at *3 (C.D. Cal. June 10, 2011) (acknowledging that documents responsive to the subpoena "had to be separated from … non-responsive documents").

MAC:14814-001 4271716_1

13. Finally, Mr. Shelton's Declaration posits that Movant should recover none of its attorneys' fees incurred in chasing, unsuccessfully, the subpoena response for what has now been *more than one year*. He suggests that Movant's counsel put too much effort into pursuing these records from Respondents and should have focused on Ryba and Fogelsong.

14. In reality, Movant was aware that Ryba had sent documents to Ms. Beverly's prior counsel, but Ryba has not produced these records despite duly-served discovery requests in the underlying Nevada case. As such, Movant had to shift focus to third-party subpoenas, including those served on these Respondents. Moreover, Movants were not even aware of Fogelsong until Respondents produced the emails after the filing of the Motion to Compel.

15. MAC then subpoenaed Ms. Fogelsong's current firm, Minyard Morris, which responded that it had no responsive documents. MAC later realized that the emails bore Sullivan Law's email domain in the address and subpoenaed Sullivan Law. Sullivan Law, though, has not completed its production, refusing to authenticate its production by way of a notarized Affidavit of Custodian of Records, and MAC has been pursuing that avenue of recovery for several months as well.

Dated this 9th day of February, 2021.

By   /s/ Chad F. Clement
    *Counsel for Movant, Interior*
    *Electric Incorporated Nevada*

MAC:14814-001 4271716_1

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DECLARATION OF CHAD F. CLEMENT, ESQ. IN REPLY TO RALPH SHELTON'S DECLARATION [DKT. NO. 16]** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 9th day of February, 2021.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Schiff & Shelton, Attorneys at Law, and
Melinda Beverly
c/o Ralph Shelton, Esq.
3700 Campus Drive, Suite 202
Newport Beach, CA 92660

*Attorney for the Subpoenaed Parties, Schiff & Shelton, Attorneys at Law, and for Melinda Beverly*

/s/ Lennie Fraga
an employee of Marquis Aurbach Coffing

MAC:14814-001 4271716_1