UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-mc-24-JGB (SPx) | Date | May 18, 2021 |
|---|---|---|---|
| Title | Interior Electric Incorporated Nevada v. Melinda Beverly, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Granting in Large Part Movant's Request for Attorneys' Fees Relating to Motion to Compel

## I. INTRODUCTION

On January 20, 2021, movant Interior Electric Incorporated Nevada, by and through its attorney of record Chad F. Clement, filed a declaration in support of its request for attorneys' fees ("Clement Decl. 1") pursuant to the court's December 7, 2020 order granting movant's motion to compel compliance with its Rule 45 subpoenas. Docket no. 12. Respondents Schiff & Shelton and Melinda Beverly, by and through Beverly's counsel Ralph C. Shelton II, filed a declaration in response to movant's request for attorneys' fees ("Shelton Decl.") on February 8, 2021. In reply to Shelton's declaration, movant's counsel Clement filed another declaration ("Clement Decl. 2") on February 9, 2021. Pursuant to the court's February 24, 2021 order, movant's counsel Clement filed a declaration clarifying its attorneys' hourly rates ("Clement Decl. 3") on February 26, 2021.

After carefully considering the parties' declarations and arguments, the court grants in large part movant's request for attorneys' fees as described below.

## II. BACKGROUND

As recounted in greater detail in the court's December 7, 2020 order, on January 23, 2020, movant served subpoenas on respondents Melinda Beverly and Schiff & Shelton, commanding each of them to produce various categories of documents,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-mc-24-JGB (SPx) | Date | May 18, 2021 |
|---|---|---|---|
| Title | Interior Electric Incorporated Nevada v. Melinda Beverly, et al. | | |

essentially consisting of communications (and attachments thereto) with Matthew Ryba or any person affiliated with T.W.C. Construction, Inc. regarding Mark Beverly, Interior Electric, or any other person affiliated with Interior Electric. In a June 18, 2020 discussion, Ralph Shelton acknowledged that Beverly had failed to produce everything responsive in her possession, admitted to possessing responsive documents himself, and committed to working with Beverly to produce the remaining documents in the weeks to follow. At various times in July and August 2020, Shelton represented that documents were gathered and under review for production. Shelton thereafter ceased responding to movant's efforts to confer, and additional documents were not produced prior to movant's October 6, 2020 filing of the motion to compel. As such, in its December 7 order, the court found respondents had failed to produce documents they acknowledged having, ordered respondents to produce all documents in their possession, custody, or control that are responsive to the subpoenas within 14 days, and granted movant's request to file a declaration to support its request for attorneys' fees in connection with this matter.

On January 20, 2021, movant filed a declaration in support of its request for attorneys' fees indicating that respondents have continued their refusal to produce any of the attachments to the emails between Nevada defendant Matthew Ryba and Beverly's prior counsel Carrie Fogelsong, which emails Shelton had previously provided to movant's counsel Jared M. Moser on October 8, 2020. Clement Decl. 1 ¶¶ 5-8. Those attachments are represented in those emails to include, without limitation, W-2s and Schedule K-1s for movant's former key employees, who are defendants in the Nevada action, as well as various subcontracts and change orders from Ryba. *Id.* ¶ 8. Instead of providing the attachments at issue, respondents produced Beverly's divorce and equalization proceedings and an email with a text message attachment that was already in movant's possession, which the subpoenas at issue did not request. *Id.* ¶¶ 5, 7, 9.

Respondents filed a declaration in response to movant's request for attorneys' fees on February 8, 2021. Shelton indicated that shortly after receiving the subpoenas on January 23, 2020, Laura Schiff informed movant that they did not have any information about Matthew Ryba to respond to the subpoena, and they were no longer representing Melinda Beverly at that time. Shelton Decl. ¶ 4, Ex. A. Although Schiff & Shelton represented Beverly in her state court dissolution of marriage with respect to a post-judgment motion from March 2017 to August 2017, they did not commence an attorney-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-mc-24-JGB (SPx) | Date | May 18, 2021 |
|---|---|---|---|
| Title | Interior Electric Incorporated Nevada v. Melinda Beverly, et al. | | |

client relationship with respect to the subpoenas at issue until June 5, 2020. *See id.* ¶¶ 3-6. On June 12, 2020, movant's counsel sent Shelton an email in which he set forth reasons for his suspicion that additional responsive documents existed based on documents he received from Melinda Beverly, which included screenshots of text messages between her and Ryba. *See id.* ¶ 8, Ex. D. Although Shelton indicates that the June 12, 2020 email from Collin M. Jayne also included the subject email exchange between Ryba and Fogelsong, the record indicates that the email only included the subpoenas that were sent to Beverly, a five-text conversation between Beverly and Ryba dated August 2019, Laurie Schiff's email stating that she did not know Ryba, and information supporting movant's belief that additional documents existed. *See id.*

On October 8, 2020, two days after movant filed the motion to compel, Shelton provided movant's counsel Moser with the subject email exchange between Ryba and Beverly's prior counsel, which comprised of all of the responsive communications Shelton was aware of. *Id.*, Ex. C. Although there were attachments to those emails, those attachments were not transmitted to Beverly. *Id.* ¶¶ 10, 12. Shelton also explained that his firm Schiff & Shelton does not have the attachments at issue because they were not included in the emails between Ryba and Fogelsong, and were not representing Beverly at the time of those emails. *Id.* ¶ 12.

Shelton provided Schiff & Shelton's Custodian of Records Affidavit on November 24, 2020, and Beverly's Custodian of Records Affidavit on November 30, 2020, which affirmed that all responsive documents in their possession, custody, and control had been produced. *Id.* ¶ 8; Clement Decl. ¶ 7. Out of an abundance of caution, Shelton also produced all documents of which Schiff & Shelton had possession, including Beverly's divorce and equalization court filings, because T.W.C. Construction was apparently owned by Mark Beverly, and may have been the subject of distribution or equalization, and thus such documents may have been responsive to the subpoena. *See* Shelton Decl. ¶¶ 9, 11.

Shelton has suggested that movant obtain the attachments at issue from Beverly's prior counsel Fogelsong and Ryba instead of respondents. *Id.* ¶ 12. In response, movant acknowledged that it served discovery requests on Ryba in the underlying Nevada action, but has not received any documents from him. Clement Decl. 2 ¶ 14. As such, movant had to shift focus to third-party subpoenas, including those served on respondents. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-mc-24-JGB (SPx) | Date | May 18, 2021 |
|---|---|---|---|
| Title | Interior Electric Incorporated Nevada v. Melinda Beverly, et al. | | |

Movant was not aware of Fogelsong until respondents produced the emails after the filing of the motion to compel. *Id.* After learning about Beverly's prior counsel, movant subpoenaed Fogelsong's current firm, which responded that it had no responsive documents. *Id.* ¶ 15. Movant then subpoenaed Sullivan Law, the firm that was identified in the subject email exchange, but it has not completed its production and has refused to authenticate its production by way of a notarized Custodian of Records Affidavit. *Id.*

### III. DISCUSSION

Movant seeks a total of $22,290.00 for attorneys' fees and costs, based on 78.1 hours of work by movant's counsel between January 23, 2020 and December 23, 2020, incurred in attempting to obtain respondents' compliance with its subpoenas, and preparing for and filing the motion to compel and other related filings. *See* Clement Decl. 1 ¶ 13.

Under Fed. R. Civ. P. 37(b)(2)(C), if a party fails to obey an order or permit discovery, "the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Here, movant argues that it is entitled to the attorneys' fees and costs incurred in attempting to obtain compliance with its subpoenas and filing the motion to compel, because respondents have continued their refusal to produce any of the attachments to the emails between Nevada defendant Matthew Ryba and Beverly's prior counsel, which emails Shelton had previously provided to movant's counsel Moser on October 8, 2020. Clement Decl. 1 ¶¶ 5-8. Movant argues the attachments at issue are in Beverly's possession, custody, and control, because she can simply ask her prior counsel for the documents and forward them to movant. Clement Decl. 2 ¶¶ 5-6. Movant further asserts that but for its reliance on Shelton's representation that responsive documents did exist on several occasions since their June 18, 2020 meet and confer call, it would not have committed the time to pursing those documents from respondents. *Id.* ¶ 10.

Respondents argue movant's request for attorneys' fees is not warranted, because they have produced all documents in their possession, custody, and control that may be responsive to the subpoena at issue, including the email chain consisting of communications between Ryba and Fogelsong. Shelton Decl. ¶¶ 2, 7-8. Respondents

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-mc-24-JGB (SPx) | Date | May 18, 2021 |
|---|---|---|---|
| Title | Interior Electric Incorporated Nevada v. Melinda Beverly, et al. | | |

also maintain that although there appear to be attachments to the emails between Ryba and Fogelsong that have not been produced, those attachments were not transmitted to Melinda Beverly or Schiff & Shelton, and are beyond their possession, custody, and control.  *Id.* ¶¶ 2, 10-12.  Respondents further assert that movant's request for attorneys' fees is unreasonable, because movant was aware, well in advance of any dispute, that the emails and attachments at issue were between Ryba and Fogelsong, and that those emails occurred after Schiff & Shelton was no longer representing Beverly.  *Id.* ¶ 14.

The court finds an award of the fees and expenses incurred by movant in bringing the motion to compel is warranted because respondents' failure for months to produce promised documents prior to movant filing the motion to compel was not substantially justified.  The real question here is how broadly the work done in connection with the motion should be construed.  Under the circumstances here, the court construes that work quite broadly given that respondents' inexcusable failure to produce documents as promised, respond to inquiries, and make a reasonable effort to obtain all responsive documents went on for months both before and after the filing of the motion to compel.

Respondents maintain they completed their production shortly after the filing of the motion to compel, and take issue with movant's argument that they were required to provide attachments to emails not in respondents' physical possession.  Respondents claim movant was aware of Beverly's prior counsel prior to any dispute; however, movant's counsel clarified that he did not learn about Fogelsong until respondents produced the subject email exchange, which occurred on October 8, 2020, after movant filed the motion to compel.  *See* Clement Decl. 2 ¶¶ 7, 14.  But regardless of whether movant knew that the subject email exchange was between Ryba and Fogelsong prior to any dispute, it was not unreasonable for movant to subpoena these documents from respondents, since Beverly is still required to attempt to obtain them from her prior counsel to the extent that they were acquired or created during the course of Fogelsong's attorney-client relationship with her.  The fact that the attachments at issue are not within Beverly's physical possession does not excuse her from her obligation to produce them. *See United States v. Int'l Union of Petroleum & Indus., Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as the legal right to obtain documents upon demand."); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) ("[F]ederal courts have consistently held that documents are deemed to be within [a party's] 'possession, custody, or control' for purposes of Rule 34 if the party has actual

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-mc-24-JGB (SPx) | Date | May 18, 2021 |
|---|---|---|---|
| Title | Interior Electric Incorporated Nevada v. Melinda Beverly, et al. | | |

possession, custody, or control, or has the legal right to obtain the documents on demand.") (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)).

In addition, movant's efforts to obtain documents responsive to the subpoenas from respondents were justified based on Shelton's acknowledgment that he represented Beverly in June 2020, and his repeated representations that additional responsive documents did exist and had not been produced. *See* Shelton Decl. ¶¶ 6-8, Ex. D at 1-2; Clement Decl. 2 ¶¶ 9-10; docket no. 1, Clement Decl. ¶¶ 10-12, Collin M. Jayne Decl. ¶¶ 10-19. Despite Shelton's repeated representations between June and August 2020 that responsive documents did exist and would be produced, they did not produce the subject email exchange until October 8, 2020, after movant had already filed the motion to compel. *See* Clement Decl. 2 ¶¶ 7-10; Shelton Decl. ¶ 8. Further, respondents have failed to comply with the court's December 7, 2020 order requiring them to produce all responsive documents in their possession, custody, and control, since it appears Beverly has not even attempted to obtain the attachments at issue from her prior counsel. *See* Clement Decl. 2 ¶¶ 5, 10. Given respondents' repeated failures to timely produce responsive documents, the court finds the scope of movant's request for attorneys' fees is well warranted to compensate movant for the time and effort spent in attempting to obtain respondents' compliance with the subpoenas, which should not have required a motion to compel.

As noted above, movant seeks a total of $22,290.00 for attorneys' fees and costs, based on 78.1 hours of work by movant's attorneys between January 23, 2020 and December 23, 2020. Clement Decl. 1 ¶ 13. Movant's attorneys' fees can be broken down as follows: $7,247.50 for 22.3 hours by Chad F. Clement; $2,340.00 for 7.2 hours by Cody S. Mounteer; $9,130.00 for 33.2 hours by Jared M. Moser; $2,925.00 for 11.7 hours by Collin M. Jayne; and $647.50 for 3.7 hours by counsel's paralegal. *Id.* ¶¶ 14-15. The standard hourly rate of Chad F. Clement and Cody S. Mounteer is $325; the standard hourly rate of Jared M. Moser is $275; and the standard hourly rate of Collin M. Jayne is $250. Clement Decl. 3 ¶ 4.

The amount of a reasonable fee is generally determined according to the lodestar method, that is, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). A reasonable rate is generally demonstrated based on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-mc-24-JGB (SPx) | Date | May 18, 2021 |
|---|---|---|---|
| Title | Interior Electric Incorporated Nevada v. Melinda Beverly, et al. | | |

submission of evidence that the requested rates are reflective of the prevailing rate in the community based on comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). The party seeking the award of fees must submit evidence to support the number of hours worked and the rates claimed. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). But "[a] district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." *Id.* (citation and internal quotation marks omitted).

The court finds movant's attorneys' hourly rates of $325 for Clement and Mounteer, $275 for Moser, and $250 for Jayne are reasonable and consistent with the prevailing rate in Las Vegas, Nevada. Clement Decl. 1 ¶ 22. Nonetheless, movant's counsel explained that they reduced their rate for this case, with all attorneys billing at $250 per hour. Clement Decl. 3 ¶ 5. Given this reduction, the court will also assess time worked by counsel in this case at that rate for purposes of determining the award of reasonable expenses in connection with the motion to compel. Thus, with 74.4 attorney hours at a rate of $250 per hour, plus $647.50 in paralegal hours, the expenses at issue here are reduced to $19,247.50.

The court further finds the number of hours requested are somewhat excessive. First, the court will subtract the hours requested prior to June 2020, given that Melinda Beverly had produced some responsive documents in response to the subpoena by the February 5, 2020 deadline, and she did not have counsel to assist her with compiling additional responsive documents until Schiff & Shelton began representing her regarding the subpoenas at issue in June 2020. Shelton Decl. ¶¶ 5-6, Ex. B at 3-4. Further, Laurie Schiff emailed movant's counsel Chad Clement on January 23, 2020 informing him that she did not have any information regarding the subpoenas at issue and did not represent Beverly at that time. *Id.* ¶ 5, Ex. A. The court will thus subtract the 4 hours of time spent by counsel between January 23 and May 13, 2020. *See* Clement Decl., Ex. 1 at 3-7. Second, the court will reduce the time spent by counsel between June 5 and the motion to compel's filing on October 6, 2020 by 6 hours, given that certain of the work done appears insufficiently tied to the motion to compel and some of the time spent appears excessive. *See id.* at 8-25. Third, the court will reduce the time spent by counsel between October 6 and December 23, 2020 by an additional 5 hours for excessive time spent on certain tasks. *See id.* at 25-36. The court finds that the remaining 59.4 hours movant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-mc-24-JGB (SPx) | Date | May 18, 2021 |
|---|---|---|---|
| Title | Interior Electric Incorporated Nevada v. Melinda Beverly, et al. | | |

counsel spent engaging in meet and confer efforts with respondents to obtain their compliance with the subpoenas, conducting legal research, and preparing the motion to compel and other related pleadings and filings are reasonable. At a rate of $250, this amounts to attorneys' fees of $14,850.

Accordingly, with $14,850.00 for attorney time and $647.50 for paralegal time reasonably spent, the court orders respondents to pay $15,497.50 to movant.

## IV. ORDER

IT IS THEREFORE ORDERED that movant's request for fees and expenses relating to its motion to compel is granted in large part as set forth above. Respondents shall pay movant the total amount of $15,497.50. The court cautions respondents that further failure to comply with the court's orders may result in additional sanctions.